Sullivan,
June 7, 1927.

NATHAN SHULINSKY *v.* BOSTON & MAINE RAILROAD.

*Barton & Shulins,* for the plaintiff.

*Demond, Woodworth, Sulloway & Rogers,* for the defendant.

ALLEN, J. It is not necessary to consider whether the statutory requirement that jurors shall be indifferent (P. L., *c.* 321, *s.* 31) could be found to be complied with. By P. L., *c.* 339, *s.* 19, each party in a civil cause may take three peremptory challenges. If this right of challenge is lost or impaired, the statutory conditions and terms for setting up an authorized jury are not met.

"The right to challenge a given number of jurors without showing cause is one of the most important of the rights secured to the accused. . . . Any system for the empanelling of a jury that prevents or embarrasses the full, unrestricted exercise by the accused of that right, must be condemned. And, therefore, he cannot be compelled to make a peremptory challenge until he has been brought face to face, in the presence of the court, with each proposed juror, and an opportunity given for such inspection and examination of him as is required for the due administration of justice." *Pointer* v. *United States,* 151 U. S. 396, 408, 409. While at common law there was no right of peremptory challenge in civil trials, yet when the right is given by statute, it is to have equal force and be of equal benefit. The statute (P. L., *c.* 368, *ss.* 11, 12) which gives in criminal cases, those of a capital nature excepted, no more challenges than in a civil cause, sufficiently demonstrates the legislative purpose of a like basis and treatment in both civil and criminal trials.

Described as a right to reject rather than select jurors (*State* v. *Doolittle,* 58 N. H. 92), the peremptory challenge is generally regarded as hardly less important in securing a fair trial than the court's challenge. It is material in its tendency to give the parties assurance of the fairness of the trial in a valuable and effective way. The terms of statutes relating to it are construed as substantial rather than technical. *People* v. *McQuade,* 110 N. Y. 284. While "The mode of selection and the right of challenge seem to be 'mere rules suggested by experience and prescribed by law, to be observed as most likely to secure the greatest amount of intelligence, integrity and impartiality to the trial by jury . . .' " (*State* v. *Wilson,* 48 N. H. 398, 399), yet such rules, as aiding to secure an impartial, and to avoid a partial, jury, are to be fully enforced.

As trials are ordinarily conducted, the *voir dire* is of service not only in enabling the court to pass upon a juror's qualifications, but also in

assisting counsel in their decision as to peremptory challenges. If the court has found a juror indifferent both on principal cause and to the favor, the examination may be and often is useful to the parties in passing on the exercise of their right. In effect it helps in the discretion which the parties have as well as of the court.

If a party in exercising his right of challenge depends upon information obtained independently and outside of the court's authority, he may not complain that the information proved to be false. There is no judicial aid in such a case, and the information is not an outcome of judicial proceedings nor is it gained as an incident to the court's duty to have an impartial jury. There is a possible exception when the information has been given by the other party outside of the court's authority. It is not necessary to pass upon it since the information here, although given by the other party, was obtained, as the case is understood, with the court's participation in the inquiry.

When the information is furnished under the court's authority, the right of challenge includes the incidental right in its protection that the information shall be true. It is immaterial whether the information comes from examination of the jurors or from other sources, so long as it is furnished as a part of the judicial proceeding of establishing a panel for the trial of a cause. "Juries, in this state, are organized under the direction of the court" (*Rowell* v. *Railroad*, 58 N. H. 514), and if by reason of false information furnished under the court's authority and in organizing the jury, a peremptory challenge as to a prospective juror is not exercised, the party having the right of challenge is as effectively deprived of his right as though the right were denied. The right to challenge implies its fair exercise, and if a party is misled by erroneous information obtained through application to the court, the right of rejection is impaired. False information thus obtained and relied on is as destructive of a fairly constituted jury in its application to a peremptory challenge as to a challenge for cause. If the court by reason of false information found a juror indifferent, the illegality of the verdict would be unquestioned. A verdict is equally illegal when a peremptory challenge is not exercised by reason of such information given as incident to the drawing of the jury and to the court's undertaking to secure a fair trial.

Argument from a finding that the trial was fair is not pertinent. The question is whether a proper tribunal was established, and not whether an improperly established tribunal acted fairly. If the jury is an unauthorized or unfairly established tribunal, the party whose right of challenge is impaired is not required to submit to its verdict.

He has not had such a jury trial as the law provides. If only two of the three peremptory challenges which the statute gives were allowed in drawing a jury, the illegal character of the jury would be manifest, and a finding that the trial was fair and unaffected by the loss of the right of challenge would not cure the trouble. And a situation in which the right of challenge has been affected so that its fair exercise is prevented by false information obtained under the court's authority would seem to be on the same basis. The right is so disabled and crippled as to lose its essential value and efficacy, and as to amount to its deprivation.

If due diligence has been used and there is no waiver of rights, the fact that a juror disqualified either on principal cause or to the favor has served.on a panel is sufficient ground for setting aside the verdict, without affirmatively showing that the fact accounts for the verdict. The trial is unfair because the jury is improperly constituted. *Harrington* v. *Railroad*, 62 N. H. 77; *Rollins* v. *Ames*, 2 N. H. 349; *Tenney* v. *Evans*, 13 N. H. 462; *Page* v. *Railroad*, 21 N. H. 438; *Wiggin* v. *Plumer*, 31 N. H. 251; *Beattie* v. *Hilliard*, 55 N. H. 428. So far as the cases of *Temple* v. *Sumner*, Smith 226, and *State* v. *Howard*, 17 N. H. 171, hold otherwise, they are overruled. And there is no substantial difference in principle in making a trial unfair between a panel of which a member is disqualified and one on which a member, although not disqualified in law, has been improperly or unfairly allowed to serve. The demand of justice for a fair tribunal to try a cause is prime and exacting. "It is highly important, that the conflicting rights of individuals should be adjusted by jurors as impartial as the lot of humanity will admit." *Rollins* v. *Ames, supra*, 351. "Next to securing a fair and impartial trial for parties, it is important that they should feel that they have had such a trial; and, anything that tends to impair their belief in this respect must seriously diminish their confidence and that of the public generally in the ability of the state to provide impartial tribunals for dispensing justice between its subjects." *Beattie* v. *Hilliard, supra*, 435, 436.

No question is here presented of waiver or lack of due diligence. Defendant's counsel was found not negligent in allowing the juror to sit and in relying on the information given him.

Nor is there any force in argument that the information although false was unintentionally so, and that there was therefore no bad faith. The harm lies in the falsity of the information, regardless of the knowledge of its falsity on the part of the informant. While wilful falsehood may intensify the wrong done, it is not essential to consti-

tute the wrong. The injury is brought about by falsehood regardless of its dishonesty, and the effect of the information as misleading rather than a purpose to give misleading information is the gist of the injury.

While the trial court first passes upon a motion or petition for a new trial and determines all disputed issues of fact, yet when the facts are thus found, or when only one conclusion can reasonably be drawn, the law relative thereto is not a discretionary matter. *St. Pierre* v. *Foster*, 75 N. H. 10. The facts here appearing that false information was given as an incident relating to the trial and that it was relied upon without lack of due diligence, the right to a new trial follows as a matter of law.

While the stated ground of the motion to set aside the verdict might be strictly and technically construed as limited to the juror's qualifications and legal indifference, yet the case shows that the court understood its meaning and scope to extend to the validity of the organization of the jury. The findings consider the situation at some length from this standpoint, and no question appears to be raised of such a purpose and meaning of the motion. The court so treated it, and the illegality of the jury because the defendant was unfairly deprived of the full and free exercise of the right to challenge one of its number was fairly presented to the court's attention.

*New trial.*

All concurred.

ON REHEARING. After the foregoing decision was rendered, the parties were given leave to file briefs and argue the case, by reason of accident and misfortune in failure earlier so to do.

ALLEN, J. On further consideration the same result is reached as to the defendant's right of challenge.

As to the claim that the defendant waived its right to challenge, it is sufficient to say that while the right to challenge was waived, the right to rely on the information given was not. The defendant took its chances in accepting the juror because of reliance on the information, but it did not take its chances of the information proving to be erroneous.

*Former result affirmed.*

All concurred.