[No. 1828-1.    Division One.    June 17, 1974.]

TRACY SMITH, *Appellant,* v. JACK KENT *et al., Respondents.*

*Miracle, Pruzan & Nelson* and *Howard P. Pruzan* and *William F. Nelson,* for appellant.

*Rutherford, Kargianis & Austin, Samuel C. Rutherford, Jordan, Britt & Templeman, Dennis J. Britt, Hackett, Beecher & Hart,* and *John A. Hackett,* for respondents.

HOROWITZ, J.—Plaintiff appeals a judgment on a jury verdict for defendants. The controlling assignment of error concerns the court's refusal to grant a new trial based on a claimed material false answer to a question asked by plaintiff's attorney of a prospective juror during voir dire examination of the jury.

The facts here material are these: Plaintiff, a 20-year-old single woman from California, while vacationing in Washington, was riding as a passenger in the right front seat of a Volvo sports car. While so riding, she was struck by a rock crashing through the windshield. As a result she sustained serious injuries.

The accident occurred on July 15, 1970, on Highway 530 while the Volvo was traveling west from Darrington toward Interstate 5. The Volvo came to a turn in the road

and a sign reading "Truck Crossing." As the Volvo rounded the corner, traveling in a westerly direction, defendant Kent's truck was pulling onto Highway 530, also traveling in the same direction. The Volvo decelerated until it was traveling 150 to 200 feet to the rear of the dump truck which was simultaneously accelerating. According to plaintiff, she saw a rock fall toward the ground from the top of the bed of the dump truck. The last thing she remembered was the rock traveling in the air toward her. The Volvo driver saw the rock falling, bouncing on the pavement and crashing through the windshield, striking plaintiff in the face and arm, which she had raised to protect herself.

According to defendant Kent's explanation, the rock must have been picked up by the wheels of the truck involved and thrown back when the truck accelerated; the rock then went through the Volvo's windshield and injured the plaintiff. The jury found for defendants and plaintiff appeals.

Plaintiff makes three assignments of error which she argues together. The controlling question presented is whether a new trial should be granted because of a false answer given by juror George Maude to a material question during his voir dire examination. A further statement of the facts bearing on this question is helpful.

Juror Maude was the 18th juror voir dired. He was in the courtroom waiting to be called when, during the voir dire examination of jurors, the trial court explained the nature of the case to the jury, including the claim plaintiff's injuries were caused by a rock falling from a truck. The judge asked general questions of the panel regarding their past employment for heavy construction outfits and roadbuilding. The questions asked during voir dire examination heard by juror Maude showed the attorneys were interested in the work experience of prospective jurors and their spouses, including their work experience in trucking. Thus, during the voir dire of juror Micky M. Rairdin, the sixth juror voir dired, he was asked, "Do you have any

other work experience?" The juror replied that he had served as a dump-trucking supervisor in the United States Army. Thereafter, the juror was extensively examined by counsel for the respective parties concerning his experience with dump trucking. Mr. Rairdin was excused upon a peremptory challenge by defendant. When Mr. Maude was called for voir dire examination, plaintiff had not used her third and fourth peremptory challenges. The court had theretofore granted plaintiff the right to have four peremptory challenges. On examination by plaintiff's counsel, he stated he was a retired sawyer who had worked at that trade for about 40 years. He stated he had worked on a dam in Folsom, California, for about a year, and had a garage business for about a year. He was then asked:

Q. Have you had other work experience, other than being a sawyer and working on a dam and having a garage?
A. No, no other experience. Mostly mills.

Plaintiff passed juror Maude for cause. Later she exercised her third peremptory challenge with respect to another prospective juror. She did not exercise her fourth peremptory challenge, being satisfied with the jury as constituted.

Following a 10-to-2 verdict for defendants, plaintiff obtained certain jurors' affidavits. Juror Ollgaard's affidavit stated in part:

That Mr. Maude told me that he had driven "anything except a school bus." And he said the rock could have come from the dual wheels and not off of the load.

Later the court, on plaintiff's motion, entered an order permitting jurors Isle D. Spang and George Maude to testify. For purposes of the question discussed, we need consider only the testimony of juror Maude. He testified he had told the jurors he had driven everything including a school bus; that he had driven trucks a total of about 4 years; and that he had had a Class H chauffeur's license to drive all types of vehicles in Canada for 10 years. He further testified:

Q. Now, Sir, during the deliberations of the jury, did you express an opinion as to whether or not—the

rock that struck Tracy came from the dual wheels of the truck?

A. I did.

Q. And was that statement made at or about the time you had said that you had driven practically every kind of truck, including a school bus?

A. It could have been.

Q. Did you suggest that the tires—truck tires—got smaller—

A. At higher speeds.

Q. At higher speeds?

A. Yes.

Q. Was this based on your truck experience?

A. Yes.

At the conclusion of the testimony, the trial judge denied plaintiff's motion for new trial. Plaintiff's appeal assigns error to the trial court's order denying her motion.

■■ Article 1, section 21 of the state constitution provides that "[t]he right of trial by jury shall remain inviolate . . ." The right of trial by jury means a trial by an unbiased and unprejudiced jury, free of disqualifying jury misconduct. That misconduct may consist of a prospective juror's false answer to a material question that either (1) conceals or misrepresents his bias or prejudice, or (2) prevents the intelligent exercise by a litigant of his right to exercise a peremptory challenge or his right to challenge a juror for cause. These rights of challenge are important, substantial rights which serve to protect a litigant's constitutional right of trial by jury.

Voir dire examination enables a litigant to determine whether or not to exercise his statutory right to challenge a juror for cause or to exercise a peremptory challenge. *State v. Simmons*, 59 Wn.2d 381, 368 P.2d 378 (1962). *See generally* RCW 4.44; RCW 4.44.140, .150, .210. A litigant who has passed a juror for cause nevertheless may wish to exercise a peremptory challenge because he or his counsel "believes that a juror, because of his life circumstances, would identify too closely with or would dislike the [litigant], the witnesses or other figures in the trial." Singer, *Voir Dire By Two Lawyers; An Essential Safeguard*, 57 J. Am. Jud.

Soc'y 386, 391 (1974). Accordingly, a litigant has the right to rely upon the sworn statements of the prospective juror made during voir dire examination. "If this were not so, then litigants could never have any assurance of a fair and impartial trial." *Mathisen v. Norton,* 187 Wash. 240, 249, 60 P.2d 1 (1936).

The rationale of Washington cases dealing with the concealment by a prospective juror of his bias or prejudice is similar, even if not identical, to the rationale properly applicable to cases involving false answers concerning material matters given during voir dire examination. We therefore believe it appropriate to discuss the rationale of both types of cases. In *Mathisen v. Norton, supra* at 245, the court states:

> The jury is, in a sense, a branch of the judiciary, and a jury, when accepted, becomes a part of the court. *State v. Pepoon,* 62 Wash. 635, 114 Pac. 449; *Clark v. United States,* 289 U. S. 1, 53 S. Ct. 465, 77 L. Ed. 993. The jury must necessarily act as a unit, and the misconduct of any juror, actual or implied, which forestalls or prevents a fair and proper consideration of the case is the misconduct of the jury and vitiates the verdict.
>
> "The right to trial by jury includes the right to an unbiased and unprejudiced jury, and a trial by a jury, one or more of whose members is biased or prejudiced, is not a constitutional trial." *Alexson v. Pierce County,* 186 Wash. 188, 57 P. (2d) 318.

It is jury misconduct warranting a new trial for a juror to give a false answer on a material matter during voir dire examination that conceals information properly requested by a litigant to enable him to determine whether or not to excuse the prospective juror by peremptory challenge, if necessary. *See Wright v. Bernstein,* 23 N.J. 284, 129 A.2d 19 (1957), strongly approved in *State v. Simmons, supra; Drury v. Franke,* 247 Ky. 758, 57 S.W.2d 969, 88 A.L.R. 917 (1933); *Texas Employers' Ins. Ass'n v. Wade,* 197 S.W.2d 203 (Tex. Civ. App. 1946). The existence of concealed bias or prejudice in a juror is not a matter that inheres in a verdict. *Allison v. Department of Labor &*

*Indus.*, 66 Wn.2d 263, 265, 401 P.2d 982 (1965); *Gardner v. Malone*, 60 Wn.2d 836, 376 P.2d 651 (1962); *Mathisen v. Norton, supra.* Neither does juror misconduct in giving a false answer to a material question propounded to the prospective juror on voir dire examination inhere in the verdict. *Drury v. Franke, supra; Texas Employers' Ins. Ass'n v. Wade, supra.*

The courts of the country are not entirely agreed on the circumstances that must exist to require a new trial in face of a false or misleading answer to a material question propounded on voir dire examination of the jury. An answer may or may not be intentionally false or misleading; or it may or may not be prejudicial in fact. *See generally* 58 Am. Jur. 2d *New Trial* § 48 (1971).

It is to be remembered, however, a false answer on a material matter, whether it relates to the prospective juror's bias and prejudice or whether it relates to other material matters, lures the litigant into a false sense of security, discourages further inquiry, and deprives a litigant of a fair, intelligent and adequate opportunity to challenge the juror either for cause or by way of peremptory challenge. An answer concerns a material matter if, for example, had the litigant known the truth of the matter, he could reasonably be expected to exercise a peremptory challenge if necessary to excuse the juror from serving. *See State v. Simmons, supra.* The jury a litigant accepts on the basis of misleading information on which he has a right to rely is not the constitutional jury to which he is entitled. The only remedy that will obviate the harm done to his right of trial by jury is to grant a new trial. In principle, the availability of this remedy should not turn on whether the misconduct was intentional or whether the false answer prejudiced the favorable outcome of his case.

In *State v. Simmons, supra* at 392, the court pointed out:

Where a person serves on a jury who, if not excused for cause, would certainly have been peremptorily challenged if certain questions on *voir dire* had been an-

swered truthfully, it has been held to be an abuse of discretion not to grant a new trial.

*Wright v. Bernstein, supra,* in dealing with the importance of protecting a litigant's right to a peremptory challenge, said:

> The fundamental right of trial by a fair and impartial jury is jealously guarded by the courts. . . .
> . . . The denial of the right of peremptory challenge is the denial of a substantial right. When it is not waived by conduct, it is prejudicial *per se* and harmful, and a party is not required to make an affirmative showing that the denial of his right to peremptory challenge had resulted in prejudice and injury to his cause of action on the merits.

*Wright v. Bernstein, supra* at 294-95.

*Tate v. Rommel,* 3 Wn. App. 933, 936, 478 P.2d 242 (1970), calls attention to the divided case law in Washington, but points out:

> [T]he court has, in cases where a juror gave false answers to questions on voir dire that would have revealed bias, granted a new trial without considering whether the misconduct prejudiced or affected the outcome of the trial. *Allison v. Department of Labor & Indus.,* [66 Wn.2d 263, 265, 401 P.2d 982 (1965)]; *Alexson v. Pierce County,* 186 Wash. 188, 57 P.2d 318 (1936); *Mathisen v. Norton,* 187 Wash. 240, 60 P.2d 1 (1936); *Heasley v. Nichols,* 38 Wash. 485, 80 P. 769 (1905). *Cf. Nelson v. Placanica,* 33 Wn.2d 523, 206 P.2d 296 (1949); *Grist v. Schoenburg,* 115 Wash. 335, 197 P. 35 (1921).

In *Drury v. Franke, supra,* a personal injury action, jurors remained silent on voir dire examination when asked whether any juror had been involved in an automobile collision. The silence was misleading. The litigant, after learning the true facts following the verdict, was held entitled to a new trial without showing the jurors' misconduct accounted for the verdict and even though the false information was given in good faith without intent to deceive. The court summarized with approval the legal principles set forth in *Shulinsky v. Boston & M. R.R.,* 83 N.H. 86, 139 A. 189 (1927), covering a litigant's entitlement to a new

trial because of concealment of a material fact during voir dire examination:

> When the right of challenge is lost or impaired, the statutory conditions and terms for setting up an authorized jury are not met; the right to challenge a given number of jurors without showing cause is one of the most important rights to a litigant; any system for the empaneling of a jury that prevents or embarrasses the full, unrestricted exercise of the right of challenge must be condemned; a litigant cannot be compelled to make a peremptory challenge until he has been brought face to face in the presence of the court, with each proposed juror, and an opportunity given for such inspection and examination of him as is required for the due administration of justice; the right to reject jurors by peremptory challenge is material in its tendency to give the parties assurance of the fairness of a trial in a valuable and effective way; the terms of the statutes with reference to peremptory challenges are substantial rather than technical; such rules, as aiding to secure an impartial, or avoid a partial, jury, are to be fully enforced; the voir dire is of service not only to enable the court to pass upon a juror's qualifications, but also in assisting counsel in their decision as to peremptory challenge; the right of challenge includes the incidental right that the information elicited on the voir dire examination shall be true; the right to challenge implies its fair exercise, and, if a party is misled by erroneous information, the right of rejection is impaired; a verdict is illegal when a peremptory challenge is not exercised by reason of false information; the question is not whether an improperly established tribunal acted fairly, but it is whether a proper tribunal was established; if false information prevents a challenge, the right is so disabled and crippled as to lose its essential value and efficacy, as to amount to its deprivation; the fact that a juror disqualified either on principal cause or to the favor has served on a panel is sufficient ground for setting aside the verdict, without affirmatively showing that that fact accounts for the verdict; . . .

The court further said:

> [T]he fact that the false information was unintentional, and that there was no bad faith, does not affect the question, as the harm lies in the falsity of the informa-

tion, regardless of the knowledge of its falsity on the part of the informant; while willful falsehood may intensify the wrong done, it is not essential to constitute the wrong; that the injury is brought about by falsehood, regardless of its dishonesty, and the effect of the information is misleading, rather than a purpose to give misleading information is the gist of the injury; when the fact appears that false information was given, and that it was relied upon, the right to a new trial follows as a matter of law.

*Drury v. Franke, supra* at 797-98.

Plaintiff contends that, in any event, the showing here is that juror Maude's answers to plaintiff's questions on voir dire were both intentionally false and prejudicial. The court did not agree juror Maude's answers were intentionally false. He said:

I think that had he been asked whether he had had experience driving a truck, he would have answered that he had. To ask the general question, "Can you think of any reason why you shouldn't sit on the jury?" leaves quite an opening. Maybe Mr. Maude didn't consider his prior experience as a reason for disqualifying himself, even though he came up and took the place of a man who had pretty well disqualified himself by saying he had prior experience, as I recall.

It will be noted that it is at least not clear whether the court correctly recalled the question actually asked, but treated it as the equivalent of the question as stated by him, or whether he inadvertently failed to recall the actual question plaintiff had asked juror Maude. We need not determine, however, the correct interpretation to be given to the court's ruling. Whether juror Maude's answer was knowingly and intentionally false is not determinative on the issue of new trial. The erroneous answer on which plaintiff justifiably relied in foregoing her right to exercise an available peremptory challenge deprived plaintiff of her right to be tried by a qualified jury of twelve to which she was entitled. *See Mathisen v. Norton, supra; Alexson v. Pierce County,* 186 Wash. 188, 57 P.2d 318 (1936); *Drury v. Franke, supra; Texas Employers' Ins. Ass'n v. Wade, supra.*

449

Furthermore, on the issue of actual prejudice sustained, assuming such a showing is necessary, the necessary prejudice exists here. Juror Maude's arguments in the jury room supporting defendant's version of how the accident occurred, buttressed by reference to his trucking and driving experience, may well have brought about the 10-to-2 defendant's verdict characterized by the court as one that "shocked" and "dumbfounded" him.

Reversed.

SWANSON, C.J., and CALLOW, J., concur.

Petition for rehearing denied July 18, 1974.

Review denied by Supreme Court October 7, 1974.