[No. 20933-7-I.   Division One.   April 10, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. DALE D. REMPEL, *Appellant.*

*Julie A. Kesler* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Paul Stern* and *Cassandra Noble, Deputies,* for respondent.

GROSSE, J.—The appellant, Dale D. Rempel, was charged with one count of first degree burglary, one count of attempted second degree rape, and one count of tampering with a witness. He was convicted by a jury of first degree criminal trespass, attempted second degree rape, and tampering with a witness. Only the latter two convictions are at issue in this appeal.

Appellant's principal allegation is that the trial court erred in not granting a mistrial due to juror misconduct. During the initial voir dire the juror in question indicated that she was not acquainted with the name of the complaining witness. At trial, in the middle of the first day, the State called the complaining witness to testify. The victim

had not been in court during the preliminary voir dire. Before she began to testify, juror 7 announced that she was in fact acquainted with the victim. The trial court immediately sent the witness and the other 11 jurors from the room. Defense counsel moved for a mistrial.

Under questioning from the trial court and defense counsel the juror explained that she had no opinion as to the victim's credibility or honesty. Juror 7 stated that she felt she could listen and objectively evaluate the testimony. Defense counsel focused his questions on whether the juror might feel more sympathy for the victim than for a complete stranger. After more questioning, the trial court determined that juror 7 could be impartial and denied the motion for mistrial based on the defense challenge for cause.

The appellant argues that the trial court erred because, however inadvertent, juror 7's answers during the first voir dire were not truthful. Based on this inadvertent error, he contends (1) that juror misconduct occurred as a matter of law thus entitling him to a new trial; and (2) that even if the juror's conduct did not itself unfairly prejudice him in the course of the trial, it did deprive him of the opportunity to intelligently exercise his peremptory challenges thus depriving him of a fair and impartial trial.

With regard to appellant's first contention, the decisions of whether a juror is impartial and whether a mistrial is required are matters for the discretion of the trial court. The determination of the trial court will be overturned on appeal only for an abuse of discretion. *State v. Colbert,* 17 Wn. App. 658, 664–65, 564 P.2d 1182, *review denied,* 89 Wn.2d 1010 (1977).

When an irregularity occurs at trial, the trial court must determine whether the irregularity so prejudiced the defendant as to deny a fair trial. *See State v. Mak,* 105 Wn.2d 692, 701, 718 P.2d 407, *cert. denied,* 479 U.S. 995 (1986). *See also State v. Davenport,* 100 Wn.2d 757, 762, 675 P.2d 1213 (1984). It is the trial court that is best able to

determine if the juror can set aside any preconceived opinion. The trial court is able to observe the juror's demeanor and, in light of the observation, interpret and evaluate the juror's answers to determine whether the juror will be fair and impartial. *State v. Rupe,* 108 Wn.2d 734, 749, 743 P.2d 210 (1987), *cert. denied,* ___ U.S. ___, 100 L. Ed. 2d 934, 108 S. Ct. 2834 (1988). The effect on the jury of juror 7's knowing the complaining witness is a question which was properly determined in the sound discretion of the trial court. *Adkins v. Aluminum Co. of Am.,* 110 Wn.2d 128, 137, 750 P.2d 1257, 756 P.2d 142 (1988); *see also Halverson v. Anderson,* 82 Wn.2d 746, 752, 513 P.2d 827 (1973).

Appellant relies on the case of *Smith v. Kent,* 11 Wn. App. 439, 523 P.2d 446 (1974) for the proposition that the trial court erred in failing to grant a mistrial as a matter of law. The *Smith* court stated at page 443:

> Article 1, section 21 of the state constitution provides that "[t]he right of trial by jury shall remain inviolate . . ." The right of trial by jury means a trial by an unbiased and unprejudiced jury, free of *disqualifying* jury misconduct.

(Italics ours.)

We believe that the appellant's reading of *Smith v. Kent, supra,* in this regard is too broad. The proper focus, when ruling on a motion for a new trial, is on the bias of the juror, if any, and the resulting prejudice to the litigant. *See Adkins v. Aluminum Co. of Am., supra* at 137. *See also Mutual of Enumclaw Ins. Co. v. Cox,* 110 Wn.2d 643, 653–54, 757 P.2d 499 (1988). Thus, it must be determined under the facts and circumstances surrounding each case whether a juror is biased against the moving litigant. The appellant's reading of the *Smith* case would compel us to rule that juror 7 was actually biased as a matter of law and that this bias so prejudiced the defense as to require a mistrial. This we will not do.

Where a juror fails to disclose some fact on voir dire which might affect his or her qualifications as a juror, and

the failure to disclose amounts to deception, the usual remedy is to award a new trial. However, an *unintentional* failure to disclose information not directly connected with the case does not necessarily show a juror's prejudice sufficient to require a new trial. *See Anderson v. Burlington N. R.R.,* 651 S.W.2d 176 (Mo. Ct. App. 1983). *See also Harrison v. St. Louis Pub. Serv. Co.,* 251 S.W.2d 348 (Mo. Ct. App. 1952). In the case at bar, juror 7's realization that she was acquainted with the complaining witness came when she first saw her in court. Her knowledge contradicted her answer on voir dire that she knew none of the witnesses, but the discrepancy was unintentional. After ample precaution and inquiry the trial court found there was no prejudice in allowing the trial to continue with juror 7.

Criminal defendants have a right to a fair trial by a panel of impartial, indifferent jurors. *State v. Latham,* 100 Wn.2d 59, 62–63, 667 P.2d 56 (1983). However, "'[a litigant] is entitled to a fair trial but not a perfect one,' for there are no perfect trials." (Citations omitted.) *Brown v. United States,* 411 U.S. 223, 231–32, 36 L. Ed. 2d 208, 93 S. Ct. 1565 (1973). The Supreme Court has also stated that "[t]o invalidate the result of a . . . trial because of a juror's mistaken, though honest, response to a question, is to insist on something closer to perfection than our judicial system can be expected to give." *McDonough Power Equip., Inc. v. Greenwood,* 464 U.S. 548, 555, 78 L. Ed. 2d 663, 104 S. Ct. 845 (1984). "The motives for concealing information may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial." *McDonough,* at 556.

In addition, this case is not analogous to *Smith.* There, a juror prejudiced the plaintiff's case by speculating outside the evidence based on his experience as a truck driver. Here, juror 7 did no such thing. It is not claimed that she imparted any information to the jury outside of the evidence. There is nothing in this record to establish that juror 7 had any improper bias against the appellant. There is no indication that appellant was prejudiced by juror 7's

presence on the jury. The court did not abuse its discretion in denying the mistrial.

Appellant also contends that at the time juror 7 was questioned on voir dire he still had a peremptory challenge which he would have used had he known juror 7 was acquainted with the complaining witness. Appellant argues that the inquiry made by the trial court should not end with whether or not there was bias. He contends that a defendant still has the right to exercise a peremptory challenge to assist in securing a fair and impartial jury. Again, he relies on this proposition in large part based on *Smith v. Kent, supra*. We do not agree with the proposition.

█ As stated in *State v. Kender*, 21 Wn. App. 622, 626, 587 P.2d 551 (1978), *review denied*, 91 Wn.2d 1017 (1979):

> The law presumes that each juror sworn in a case is impartial and above legal exception, otherwise, he would have been challenged for cause. *State v. Persinger*, 62 Wn.2d 362, 382 P.2d 497 (1963). Both the sixth amendment to the United States Constitution and the tenth amendment to the Washington Constitution provide that one accused of a crime is entitled to trial by an impartial jury, but there is no constitutional right to peremptory challenges. *State v. Persinger, supra; State v. Nelson*, 18 Wn. App. 161, 566 P.2d 984 (1977); *State v. Wilson*, 16 Wn. App. 348, 555 P.2d 1375 (1976).

Accordingly, having determined that the trial court properly decided juror 7 was not disqualified, we cannot accept the argument that the loss of the ability to exercise a peremptory challenge amounts as a matter of law to the denial of the right to a fair and impartial jury.

Appellant also appeals his conviction on the charge of tampering with a witness. The night he was arrested, and several times for a period of a week or more, appellant called the complaining witness from jail. He continually tried to get her to drop the charges. She protested to jail authorities about his calls and appellant stopped them after a court order was issued.

RCW 9A.72.120 states in pertinent part:

(1) A person is guilty of tampering with a witness if he attempts to induce a witness or person he has reason to believe is about to be called as a witness in any official proceeding or a person whom he has reason to believe may have information relevant to a criminal investigation to:

(a) Testify falsely or, without right or privilege to do so, to withhold any testimony; or

(b) Absent himself from such proceedings.

Appellant argues there is no evidence whatsoever that he attempted to get the complaining witness to testify falsely or to withhold her testimony or absent herself from the proceedings. However, appellant admitted he repeatedly telephoned the complaining witness, begged her not to ruin his life, and asked her to drop the charges against him. She was not willing to drop the charges against him and could not have done so in any case.

The crux of the appellant's argument, without stating in so many words, is that he did not *intend* to "tamper" with the witness's testimony, or obstruct justice in any way, but merely suggested that she not ruin his life. In a prosecution for tampering with a witness under RCW 9A.72.120, it is not necessary to prove specific intent to obstruct justice, it is sufficient to show that the defendant knew that the person approached was going to be a witness. *State v. Stroh,* 91 Wn.2d 580, 583, 588 P.2d 1182, 8 A.L.R.4th 760 (1979). "A statute may punish conduct alone, without making intent an element of the crime." *Stroh,* at 584 (citing *Smith v. California,* 361 U.S. 147, 4 L. Ed. 2d 205, 80 S. Ct. 215 (1959); *State v. Winger,* 41 Wn.2d 229, 248 P.2d 555 (1952); 22 C.J.S. *Criminal Law* § 30 (1961)). Here, thinking that the complaining witness could get the charges removed or dropped, appellant made a menace of himself by repeatedly telephoning her. He admitted that he tried to get her to have the charges dropped. These actions, in and of themselves, constitute the crime of tampering with a witness.

The decision of the trial court is affirmed.

SWANSON, J., and WILLIAMS, J. Pro Tem., concur.

Review granted at 113 Wn.2d 1006 (1989).