**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOEL OVED SOTO-RODRIGUEZ, | No. 14-71419 |
| Petitioner, | |
| v. | Agency No. A043-991-320 |
| ERIC HOLDER, JR., Attorney General | |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 10, 2015
San Francisco, California

Before: W. FLETCHER, DAVIS,[**] and CHRISTEN, Circuit Judges.

Petitioner Joel Soto-Rodriguez, a native and citizen of El Salvador, seeks

judicial review of a final order of removal issued by the Board of Immigration

Appeals (BIA) on April 28, 2014. The BIA found him removable as an alien

convicted of two crimes involving moral turpitude not arising out of a single

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Andre M. Davis, Senior Circuit Judge for the United
States Court of Appeals for the Fourth Circuit, sitting by designation.

scheme of criminal conduct under 8 U.S.C. § 1227(a)(2)(A)(ii). In its decision, the BIA affirmed the Immigration Judge's (IJ) denial of Soto-Rodriguez's motion to terminate removal proceedings, discerning no error in the IJ's finding that Soto-Rodriguez's conviction for tampering with a witness in violation of Wash. Rev. Code § 9A.72.120(1) was categorically a crime involving moral turpitude (CIMT). For the reasons that follow, we grant the petition for review and remand to the agency to grant Soto-Rodriguez's motion to terminate proceedings.

**1.** The BIA's determination that the Washington witness tampering statute is categorically a CIMT merits no deference under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). The BIA erred in identifying the elements of the witness tampering statute in reasoning that the statute required "a showing that the defendant had the intent to interfere with an official proceeding and therefore undermine the integrity of the process of justice." As the prosecution does not have to specifically and separately prove a defendant's intent to obstruct justice to obtain a conviction under the witness tampering statute, such an intent is not an element of the crime. *See State v. Stroh*, 588 P.2d 1182, 1183-84 (Wash. 1979) (en banc); *State v. Rempel*, 770 P.2d 1058, 1061-62 (Wash. Ct. App. 1989) ("In a prosecution for tampering with a witness under RCW 9A.72.120, it is not necessary to prove specific intent to obstruct justice, it is sufficient to show that the

2

defendant knew that the person approached was going to be a witness."), *rev'd on other grounds*, 785 P.2d 1134 (Wash. 1990) (en banc). Because the BIA "erred at step one" of the categorical approach by failing to identify the elements of the witness tampering statute correctly, we "owe[] its CIMT analysis at step two no deference." *Hernandez-Cruz v. Holder*, 651 F.3d 1094, 1106 (9th Cir. 2011). We therefore review whether Washington's witness tampering statute is a CIMT *de novo*.

**2.** The BIA erred in determining that Soto-Rodriguez's conviction for witness tampering was categorically a CIMT, thereby rendering him removable. Under step two of the categorical approach, this Court determines "whether all of the conduct proscribed by [the statute] falls within [the] generic definition of moral turpitude." *Nunez v. Holder*, 594 F.3d 1124, 1133 (9th Cir. 2010). Under this approach, a crime does not categorically involve moral turpitude if the conduct proscribed in the statute is broader than the generic definition of a CIMT. *Castrijon-Garcia v. Holder*, 704 F.3d 1205, 1212 (9th Cir. 2013). "[T]o hold that the statute of conviction is overbroad, we must determine that there is a realistic probability of its application to conduct that falls beyond the scope of the generic federal offense." *Id.* (internal quotation marks omitted). "This realistic probability can be established by showing that, in at least one other case," a state

3

court applied the statute to conduct that falls beyond the scope of the generic definition of moral turpitude. *Nunez*, 594 F.3d at 1129. It can also be established by showing that "the statute was so applied in [the petitioner's] own case." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

Morally turpitudinous crimes are those "crimes that involve either fraud or base, vile, and depraved conduct that shock[s] the public conscience." *Nunez*, 594 F.3d at 1131 (alteration in original) (internal quotation marks omitted); *see also Marmolejo-Campos v. Holder*, 558 F.3d 903, 910 (9th Cir. 2009) (collecting cases in which this Court has crafted its "own generalized definition of 'moral turpitude'"). Viewed categorically, the witness tampering statute at issue here involves neither.

The statute does not categorically involve fraudulent conduct. With respect to fraud, where there is no explicit statutory requirement of an intent to defraud, an implicit intent to defraud exists only where (1) the alien uses "deceit, graft, trickery, or dishonest means" to (2) obtain something of value from the government. *Goldeshtein v. INS*, 8 F.3d 645, 649 (9th Cir. 1993); *see also Blanco v. Mukasey*, 518 F.3d 714, 719 (9th Cir. 2008) ("Our cases have therefore recognized fraudulent intent only when the individual employs false statements to obtain something tangible."). Even assuming, without deciding, that a petitioner's

4

conduct under the statute always requires deceitful or dishonest means for conviction, the statute still does not require an intent to defraud because, as we have stated on multiple occasions, obstructing justice and withholding information from the government do not qualify as obtaining of something of value from the government. *See Blanco*, 518 F.3d at 719; *Goldeshtein*, 8 F.3d at 649.

Similarly, the statute does not categorically encompass base, vile, and depraved conduct that shocks the public conscience. Such offenses typically involve grave acts such as "murder, rape, and incest." *Robles-Urrea v. Holder*, 678 F.3d 702, 708 (9th Cir. 2012) (internal quotation marks omitted). To separate bad conduct from unconscionable conduct, this Court has analyzed whether the statute at issue requires an evil intent such as a specific intent to conceal criminal activity or obstruct justice. *See id.* at 710 (concluding misprision of a felony is not inherently base, vile, or depraved because it does not require a specific intent to conceal or obstruct justice).

The government contends that because the Washington statute targets attempts to interfere with investigative and judicial processes, it offends the most fundamental values of society and therefore should be deemed a CIMT. But this explains why witness tampering is illegal, not why it is worse than any other crime. *See id.* ("The government argues that misprision of a felony is base, vile, and

5

depraved because it has been historically condemned. There is no question that 'gross indifference to the duty to report known criminal behavior remains a badge of irresponsible citizenship.' That only explains, however, why we choose to criminalize misprision of a felony in the first place. It says nothing about whether misprision of a felony is worse than any *other* crime . . . ." (internal citations omitted) (quoting *Roberts v. United States*, 445 U.S. 552 (1980)). The integrity of the judicial process is a cherished value of society, but we cannot conclude that all of the conduct proscribed by the statute is so base, vile, and depraved as to shock the public's conscience.

*Robles-Urrea v. Holder*, 678 F.3d 702, compels this conclusion. In *Robles-Urrea*, we held that misprision of a felony, in which a person with "knowledge of the actual commission of a felony" does not report that knowledge to a judge or authority, was not categorically a CIMT. *Id.* at 706, 710-11. We offered two reasons. First, "[m]isprision of a felony differs from other crimes of concealment that have been found to involve moral turpitude, because it requires not a specific *intent* to conceal or obstruct justice, but only *knowledge* of the felony." *Id.* at 710. Second, we noted that treating misprision as a CIMT produces absurd results, where the person who commits the underlying felony would not have committed a

CIMT (for example, if he commits burglary), but the person who failed to report that felony would have committed one. *Id.* at 711.

That reasoning applies here. First, as we already noted, § 9A.72.120(1) punishes anyone who tampers with someone "she has reason to believe is about to be called as a witness." The statute does not demand a showing of a specific intent to obstruct justice; the only requirement is for prosecutors to show knowledge. *See Stroh*, 588 P.2d at 1183-84; *Rempel*, 770 P.2d at 1061-62. Second, § 9A.72.120(1)(c) punishes anyone who tells a witness to "[w]ithhold from a law enforcement agency information which he or she has relevant to a criminal investigation." If we were to hold that § 9A.72.120(1)(c) is a CIMT, we would produce the same result we rejected in *Robles-Urrea*: someone who commits a burglary in Washington would not have committed a CIMT, but someone who tells a witness not to report that burglary would have done so. In light of *Robles-Urrea*, this statute is not categorically a CIMT.

**3.** We decline to apply the modified categorical approach or remand to the agency to do so because the statute here is not divisible under *Rendon v. Holder*, 764 F.3d 1077 (9th Cir. 2014). Because the witness tampering statute involves multiple, alternative *means* of violating the statute instead of multiple, alternative *elements* on which the jury must unanimously agree, the statute is indivisible and

7

the modified categorical approach has no application. *See State v. Witherspoon*, 286 P.3d 996, 1003 (Wash. Ct. App. 2012) ("There are three alternative means of committing witness tampering: attempting to induce a person to (1) testify falsely or withhold testimony, (2) absent himself or herself from an official proceeding, or (3) withhold information from a law enforcement agency."); *State v. Lobe*, 167 P.3d 627, 630 (Wash. Ct. App. 2007) (same).

**PETITION FOR REVIEW GRANTED.**