[No. 26670. Department Two. July 19, 1937.]

THE STATE OF WASHINGTON, *Respondent*, v. H. M. PETERSON, *Appellant*.[1]

*Oscar A. Zabel* and *Charles M. Chambers,* for appellant.

*B. Gray Warner* and *Albert D. Rosellini,* for respondent.

HOLCOMB, J.—Appellant was charged by information in the court below with the crime of grand larceny in four counts.

In count one, he was charged with having obtained from one Emma Oakquist on or about May 17, 1933, the sum of one thousand dollars by false and fraudulent pretenses and representations, trick, device and bunco game. In count two, he was charged with having, on May 8, 1933, obtained $3,235 from one Edward Hanson by similar false pretenses and representations. Count three charged him with having obtained, on or

[1]Reported in 70 P. (2d) 306.

about May 15, 1933, one thousand dollars from Hans Ebeltoft by similar means. This count was dismissed by the trial court for the reason there was no sufficient evidence to support it. Count four charged him with having obtained $550 from Richard W. Anderson on about May 10, 1933.

Appellant was convicted on three of the counts above set forth and appeals to this court. He sets forth five assignments of error, the first of which is in overruling appellant's motion for a new trial.

■ The first ground of that motion is based upon the fact that a juror named Anna C. Maxson was and is the mother of Frances Maxson, who is a deputy prosecutor of King county.

Cases are cited by appellant from Georgia, *Perrett v. State,* 16 Ga. App. 587, 85 S. E. 820, and *Crawley v. State,* 151 Ga. 818, 108 S. E. 238, 18 A. L. R. 368, based upon a different statute and rule than applies in this state, where there is no such disqualification.

Our statute, Rem. Rev. Stat., § 330 [P. C. § 8495], prescribes:

"A challenge for implied bias may be taken for any or all of the following causes, and not otherwise:

"1. Consanguinity or affinity within the fourth degree to either party; . . ."

The cases cited by appellant from Georgia are cases where a juror was related within the statutory prohibited degree in Georgia to a prosecuting witness in a criminal case. That rule might apply here if the prosecuting witness on one of the four counts in this information was related to a juror within the fourth degree under our statute and the fact was unknown to the accused.

The general rule is:

"A juror is not incompetent in a criminal action because related to the prosecuting attorney, or to defend-

ant's counsel, or, in a civil action, because related to the attorney of one of the parties, except where such attorney is directly interested in the event of the action." 35 C. J. 321.

There is no merit in the first complaint of appellant. The second, third and fourth assignments raise the question of the sufficiency of the evidence to sustain a conviction under the first, second and fourth counts in the information.

Rem. Rev. Stat., § 2601 [P. C. § 8944], thus defines the crime:

"Every person who, with intent to deprive or defraud the owner thereof—  . . .

"(2) Shall obtain from the owner or another the possession of or title to any property, real or personal, . . . or by color or aid of any fraudulent or false representation, personation or pretense or by any false token or writing or by any trick, device, bunco game or fortune-telling;  . . .

"Steals such property and shall be guilty of larceny."

It is true that the intent to defraud is an essential element. Under that statute, the court correctly instructed the jury, contrary to the contention of appellant, as follows:

"In order to convict the defendant of the crime of grand larceny as charged in any one of the respective counts of the information herein, the state must prove to you beyond a reasonable doubt:

"A. That on or about the date alleged in such count of the information the defendant H. M. Peterson, with intent to defraud the complaining witness named in said count, made one or more of the following representations to said complaining witness, to-wit:

"(1) That thirty acres of ground upon said mining claims had been sluiced off;

"(2) That on said sluiced off ground the material was only five or six feet to bedrock;

"(3) That said ground averaged $2.50 per square yard;

"(4) That said ground was completely thawed and not frozen and

"(5) That W. S. Darrow had invested in the mining operation and was aiding the defendant to sponsor the enterprise;

"That such representation or representations so made to such complaining witness was in fact false the said defendant Peterson knowing said representation or representations to be false;

"B. That the complaining witness named in such count of the information then and there believed one or more of said representations and relied thereon and was deceived thereby;

"C. That by color or aid of said false or fraudulent pretenses or representations, trick, device or bunco game, the defendant obtained from said complaining witness a sum of money, the property of said complaining witness;

"D. That the money so obtained by the defendant from such complaining witness was of a value in excess of twenty-five dollars; and

"E. That said money was so obtained by said defendant in King County, Washington."

The court further instructed:

"It is not sufficient that there be merely a false representation, but the complaining witness in each count must have relied upon it. In other words, the false representation must have been the effective cause in inducing the complaining witness to part with his money. Therefore, if the complaining witness has knowledge of the truth, or did not believe the representation, or believing it, yet parted with the money on some other inducement, or if the prosecuting witness investigated for himself and parted with the money, relying entirely on the results of his own independent investigation, no crime has been committed even though the representation was false. Neither can the defendant be convicted of any count if the representation alleged in such count was made after the money was obtained. On the other hand, I instruct you that the law does not require that a false representation should have been the sole means, or the

principal means of inducing the defrauded person, if any, to part with the money, but it is sufficient if such representation was believed and relied upon by such person and in some measure operated to induce him to part with his property."

There was ample and competent testimony on behalf of the state to sustain each and every one of the five representations submitted to the jury and believed by them under the three counts of the information allowed to stand, and that each and every one of the defrauded persons, who were the complaining witnesses respecting the same, relied thereon.

The general rule is stated in 11 R. C. L. 865, as follows:

"The intent to defraud must, of course, be established. But there need not necessarily be distinct and independent evidence of a fraudulent intent. Such may be inferred from the false representations. . . . It is generally impossible, however, to prove the actual mental processes of the accused. The internal and invisible act or resolution of the mind can be ascertained and judged only by external and visible acts, and by the surrounding circumstances of which a person had knowledge when the alleged criminal act was committed. The evidence of the intent to defraud must therefore depend upon the nature of the transaction in or about which the false pretense or representation has been made."

See, also, 8 R. C. L. 225.

That general rule has been followed by this court. *State v. Knowlton,* 11 Wash. 512, 39 Pac. 966.

It is also well settled that the false representations need not be the sole cause inducing the complaining witness to part with his money. *State v. Kulbe,* 67 Wash. 21, 120 Pac. 510; *State v. Elliott,* 68 Wash. 603, 123 Pac. 1089.

An instruction to which appellant objects, because of the word "trick" being used, is substantially the

same as Rem. Rev. Stat., § 2601 (2), [P. C. § 8944], which defines the crime.

The evidence was sufficient to sustain the verdict, the instructions as given by the court were correct, and there was no substantial error.

The judgment is affirmed.

STEINERT, C. J., BEALS, GERAGHTY, and ROBINSON, JJ., concur.