[No. 33138.    Department One.    May 26, 1955.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT J. SEDAM, *Appellant*.[1]

[1]Reported in 284 P. (2d) 292.

*Gagliardi, Ursich & Gagliardi,* for appellant.

*John J. O'Connell, Thomas R. Garlington, John A. Petrich,* and *J. Houston Vanzant, Jr.,* for respondent.

OTT, J.—This is an appeal from a judgment based upon the verdict of a jury finding the defendant guilty upon three counts of grand larceny.

During the month of June or July, 1949, the defendant, Robert J. Sedam, an accountant, was employed by Charles L. Long to set up and keep the books for his tavern business in Tacoma. He continued as bookkeeper until Long sold the tavern.

In March, 1953, the defendant started cashing checks, drawn on his account at the Central Bank of Tacoma, at Long's tavern. The first check was for two hundred fifty dollars, and they increased almost daily for a period of two months, until there was insufficient cash on hand at the tavern to cover his checks. Thereafter, the defendant would deposit his personal check, drawn on the Central Bank, with the Long deposit in the Puget Sound National Bank, and withdraw an equal amount in cash from Long's account. When Long asked the defendant for an explanation, he responded, on one occasion, that a divorce proceeding was pending and that his wife had his account tied up. On another occasion, he stated that he was using the money in operating a fuel business.

In July, 1953, Long sold his tavern business, requested the defendant to close his books, and took a trip to California. Before Long left, the defendant requested him to

leave a supply of checks signed in blank, so that the defendant could carry on his fuel business as before. Long left fifty such checks with the defendant. Upon Long's return from California, the defendant promised him a partnership interest in the fuel business, and requested more checks signed in blank. Long complied with this request.

During this entire period, the defendant, by the use of the signed checks, had established a systematic pattern of deposits and withdrawals with both banks. He deposited his personal checks, drawn on the Central Bank, to Long's account in the Puget Sound National Bank. At the same time, defendant would withdraw from the Long account, in cash, a sum equal to the amount of his personal checks. He thereafter deposited the cash thus obtained to his personal account in the Central Bank. There were forty-three such transactions prior to the following three in question.

On August 25, 1953, defendant presented to the Puget Sound National Bank a check in the amount of $9,750, made payable to and signed by Charles L. Long. At the same time, he deposited to the account of Charles L. Long in that bank his personal checks in a like sum, being ten checks of $975 each drawn on his account in Central Bank. Defendant requested and received the full amount in cash, principally in twenty-dollar bills. At the time of the withdrawal, defendant knew that neither his account at the Central Bank nor Long's account at the Puget Sound National Bank was sufficient to cover this transaction, which is alleged as count I of the information.

On August 26th, the defendant presented one of Long's checks to the Puget Sound National Bank, made payable to that bank in the sum of $9,850, and, similarly to his previous day's transaction, he deposited ten of his personal checks drawn on the Central Bank in the sum of $950 each, and one check for $350. He requested and received from the bank, cash in the sum of $9,850. Defendant knew there were not sufficient funds in either of the above accounts to pay the checks upon their presentation. This transaction constitutes count II of the information.

On August 27th, defendant presented one of Long's checks in the sum of $2,000, made payable to the Puget Sound National Bank, and deposited to Long's account eleven of his personal checks drawn on the Central Bank in the sum of $900 each, and two checks of $950 each, making a total of $11,800. He requested and received from the Puget Sound National Bank $2,000 in cash. At the time of this transaction, defendant knew there were not sufficient funds in either account to cover the checks upon their presentation, and this act is alleged as count III of the information.

Subsequently, at a conference at the Puget Sound National Bank, defendant assumed sole responsibility for his conduct, and stated that he probably would be imprisoned for his wrongdoing.

The information charges the defendant with the crime of grand larceny, in the language of the statute, alleging the above fraudulent transactions with the Puget Sound National Bank.

At the trial, the defendant claimed that he had entered into an agreement with Long to use his account; that he was paying Long fifty dollars a day for the withdrawal privilege; that no fraud was intended; and that he considered the money he had received as a loan, which he intended to repay. Long denied any such agreement.

The jury found the defendant guilty, and from the judgment and sentence imposed by the court, he has appealed.

The appellant assigns as error the admission of evidence relating to other offenses, and the failure of the court to properly instruct the jury with reference thereto.

In support of this assignment, appellant contends that he was prejudiced in two particulars: First, that there was evidence admitted as to an attempt to defraud and cheat his wife, and, second, that there was evidence admitted as to an attempt to defraud Long by his statement regarding a nonexistent fuel business. Neither of these matters, according to appellant, have any relation to the offenses charged, of defrauding the Puget Sound National Bank.

This contention, in our opinion, is untenable; first, for the reason that, in establishing an intent to defraud, this

court permits a wide latitude of proof. Any evidence which would tend to establish an intent to defraud is relevant. *State v. Jeane*, 35 Wn. (2d) 423, 427, 213 P. (2d) 633 (1950). These statements were part of the scheme or trick which ultimately resulted in the transactions alleged in the three counts in the information. The statements were, therefore, relevant.

■ Secondly, proper evidence is not to be excluded because it may also tend to show that the accused has committed another crime, unrelated to the one for which he is being tried. *State v. Edelstein*, 146 Wash. 221, 236, 262 Pac. 622 (1927); *State v. Baird*, 200 Wash. 227, 231, 93 P. (2d) 409 (1939), and cases cited; *State v. Jeane, supra*, p. 428. The test is, does the questioned evidence tend to establish (1) motive, (2) intent, (3) absence of accident or mistake, (4) a common scheme or plan, or (5) identity. *State v. Hartwig*, 45 Wn. (2d) 76, 78, 273 P. (2d) 482 (1954).

■ Although the statements may have been prejudicial to the appellant, the testimony nevertheless was relevant to establish motive, intent, and a common scheme or plan. The court did not err in ruling it admissible.

Appellant contends that the court did not properly instruct the jury with reference to the consideration, if any, that the jury should give to the evidence of prior transactions with the two banks and with Long, as such evidence related to the later offenses charged.

Near the close of the state's testimony in chief, the court orally instructed the jury as follows:

"I wish to advise the members of the jury that a number of exhibits have been admitted which show transactions between the two banks and through these accounts back as early as April and May, and then on into June and July and August of this year. I wish to instruct you that these transactions have been admitted for two purposes: One, to assist you in determining what the actual intent of the Defendant was, and: Two, they are also admitted to show his method of operation as it may bear upon the Information which charges him with committing a crime on these three specific dates. He is not on trial here, nor are you to take it that he is accused, of committing other offenses. They were not admitted for the purpose of simply showing other

offenses. You are to take them only for that limited purpose of determining intent, if you can, and to assist you in determining and understanding the method of operation that was employed here."

In addition thereto, the court, by instruction No. 17, informed the jury as follows:

"You are instructed that any evidence which has been received in this case concerning checks and transactions other than those upon which the various counts of the amended information are based has been permitted by the court for only one purpose and that is for the bearing, if any, you may consider it to have upon the question of the defendant's intent, scheme, plan or design as regards to the checks drawn on the Puget Sound National Bank described in the amended information. If you consider such evidence you should consider it only if and only in so far as you find it bears upon the question of the defendant's intent, scheme, plan or design as to the checks drawn on the Puget Sound National Bank described in the amended information."

■ This instruction was not excepted to by the appellant, and became the law of the case. *Irvin v. Spear,* 41 Wn. (2d) 224, 227, 248 P. (2d) 404 (1952), and cases cited. We conclude, therefore, that the jury was properly instructed in this regard, both orally and in writing.

■ Appellant next alleges as error the admission of exhibits Nos. 1 through 10, inclusive. An examination of all these exhibits satisfies us that their admission was not error, for the reason that each tended to establish one of the steps in the trick, scheme or plan which resulted in the accomplishment of the larceny. *State v. Jeane, supra,* p. 427.

■ Appellant next assigns as error the admission of evidence pertaining to bank custom. The bank cashier was permitted to testify, over objection, that the bank's custom was to cash a check which was made payable to the order of the bank and presented by a customer at a pay window. The appellant, from June 29th to July 30th, had presented checks in substantial sums, ranging from twenty-five hundred to eighty-five hundred dollars. Forty-three such transactions were shown, in part, by exhibit No. 10. In each instance, the appellant had obtained the cash from the Puget

Sound National Bank upon a check made payable to it and signed by Charles L. Long. The appellant knew, from his experience in the forty-three previous transactions, that a check written in this manner would be cashed upon presentation at the pay window. The testimony of the custom of the bank was not prejudicial, since it had already been established that, irrespective of the custom, the appellant had no difficulty in obtaining the money in this manner.

We hold, therefore, that the appellant was not prejudiced by the testimony of bank custom, and hence the admission of the evidence was not reversible error.

The appellant next contends that the court erred in giving instructions Nos. 9, 10, 11, and 18.

Instructions Nos. 9, 10, and 11 set out the applicable subdivisions of the larceny statutes. RCW 9.54.010(2), 9-.54.090(5) [cf. Rem. Rev. Stat., §§ 2601, 2605]. In his brief, appellant admits that these instructions are a correct general statement of the law, but contends that, because there was no proof of a personation, or of a fraud upon the bank, or any evidence of a false pretense, these instructions were prejudicial. The statutes provide that the crime may be committed in any one of several methods. All of the elements and methods are defined in instructions Nos. 9, 10, and 11. Under the facts of this case, it was not error to instruct in the language of the statute. *State v. Verbon,* 167 Wash. 140, 145, 8 P. (2d) 1083 (1932); *State v. Peterson,* 190 Wash. 668, 70 P. (2d) 306 (1937). The test is, was there sufficient proof to establish beyond a reasonable doubt, the crime of grand larceny in any one of the several methods defined in the pertinent subsection of the statute. In our opinion, there was sufficient proof for the jury to have found the appellant guilty of grand larceny.

Instruction No. 18 was excepted to as being an incomplete statement of the law. Here again appellant admits that the instruction is a "correct statement of the law as far as it goes." This instruction, when construed with the instructions defining specific terms, was a sufficient statement of the law.

Further, in reading all of the instructions and con-

sidering them as they apply to the facts of this case, we find no reversible error in any of the instructions. The jury was properly instructed as to all of the issues, as well as all of the defenses involved in the three counts alleged in the information.

Finally, appellant asserts that the court erred in denying his motion to dismiss and in failing to grant a new trial. Appellant supports this contention with the argument that exhibits Nos. 1, 2, and 3 did not prove the crime of larceny, but, rather, did prove an offense under RCW 9.54-.010(4) [cf. Rem. Rev. Stat., § 2601(4)], and that exhibits Nos. 4, 5, and 6 tended to prove an offense under RCW 9.54.050 [cf. Rem. Rev. Stat., § 2601-2]. The state elected to prosecute the appellant under the larceny statutes previously discussed, and proved each element thereof to the satisfaction of the jury.

Appellant further contends that a new trial should have been granted because there was no showing that the Puget Sound National Bank was a legal entity and capable of holding title or being defrauded.

In *State v. Kruger*, 145 Wash. 654, 655, 261 Pac. 383 (1927), and cases cited, and *State v. Van Brunt,* 22 Wn. (2d) 103, 108, 154 P. (2d) 606 (1944), we held that proof of capacity to hold or to own property was immaterial, hence the showing of the legal capacity of the Puget Sound National Bank to hold title to the property in question was not necessary. Likewise, under proper instructions, all of the elements of the crime of larceny, as defined by RCW 9.54-.010(2), *supra*, were established beyond a reasonable doubt by the evidence, to the satisfaction of the jury.

The court did not err in denying the motion to dismiss and refusing to grant a new trial.

The judgment and sentence appealed from is affirmed.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and FINLEY, JJ., concur.

July 1, 1955. Petition for rehearing denied.