[No. 3006–2.   Division Two.   October 18, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. STEVEN B. KENDER, *Appellant.*

*John Farra,* for appellant.

*Curtis M. Janhunen, Prosecuting Attorney,* for respondent.

SOULE, J.—Defendant appeals from a conviction of second-degree burglary. We affirm.

Defendant's assignments of error present three issues. One, should defendant have been granted a continuance so that he could determine before trial whether or not he would be a candidate for a habitual criminal proceeding? Two, should he have been granted a continuance to prepare himself to serve as co–counsel, pro se, in his trial? Three, should he have been granted an extra peremptory challenge, when, after he exercised his allotted challenges, an empaneled member of the jury became unable to serve and was replaced by a juror related to the prosecuting attorney?

Issue No. 1. An information charging defendant with burglary in the second degree was filed on March 16, 1977, and thereafter set for trial on May 5, 1977. On April 29, 1977, for the first time, a motion for continuance was made. One of the reasons assigned by the defendant was that he wished to obtain information to determine whether or not, in the event of a conviction on the current charge, the State would have sufficient evidence to file a habitual criminal charge. The motion was denied. It was renewed on May 4, 1977, and again denied.

A motion for continuance is, of course, addressed to the discretion of the trial court and will not be disturbed except for a manifest abuse of discretion. *State v. Miles,* 77 Wn.2d 593, 464 P.2d 723 (1970); *State v. Roberts,* 14 Wn. App. 727, 544 P.2d 754 (1976).

Defendant could not possibly have been prejudiced by a denial of the continuance. He argues that without the information he could not make an intelligent determination whether or not to plead guilty. While the argument might have had some logic had he pleaded guilty, since he did not so plead, he is in no worse position than he would have been had he been supplied with the information prior to trial and then suffered the adverse verdict of the jury.

In any event, there is no due process requirement that a criminal defendant entering a plea be advised of the possibility of habitual criminal charges being filed and resulting in increased punishment. *State v. Shaffer,* 18 Wn. App.

652, 571 P.2d 220 (1977); *State v. Johnston,* 17 Wn. App. 486, 564 P.2d 1159 (1977).

Issue No. 2. The second argument advanced by defendant is that he was entitled to a continuance to prepare for trial as co–counsel on the case.

Every defendant in a criminal case has an independent constitutional right to represent himself or herself without the assistance of legal counsel. *Faretta v. California,* 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525 (1974). But the election to defend pro se entails the waiver of the right to be represented by counsel. Hence, the right of self–representation is conditioned on the knowing and intelligent relinquishment of the right to counsel. *Chapman v. United States,* 553 F.2d 886 (5th Cir. 1977); *see also Faretta v. California, supra* at 835; *Johnson v. Zerbst,* 304 U.S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019 (1938).

The record reveals that prior to April 29, 1977, there was no request by defendant that he be permitted to represent himself. The absence of such a timely request amounts to a waiver of the unconditional right to proceed by way of self–representation. *People v. Windham,* 19 Cal. 3d 121, 560 P.2d 1187, 1191, 137 Cal. Rptr. 8 (1977). In *Faretta,* the motion was made several weeks before trial. In *People v. Windham, supra,* the court observed that where self–representation is demanded as a matter of right, request must be made a reasonable time before trial, and if it is made just a short time before trial, it is addressed to the sound discretion of the trial court. The record in this case shows that on May 4, 1977, in again denying the motion for a continuance, the trial court held that the request was not timely. The granting or denying of an untimely motion for continuance is discretionary and we find no abuse of that discretion. *Cf. State v. Roberts, supra.*

*State v. Fritz,* 21 Wn. App. 354, 585 P.2d 173 (1978) presents a discussion not only of the considerations which enter into the granting or denying of the motion for continuance, but other factors involved in ruling upon the request for the right of self–representation. The record

before us is barren of the factors suggested in *Fritz* which would require the granting of the motion made so shortly before trial.

■ In our opinion, the proper rule is that when a motion is presented so shortly before the scheduled trial date that the granting of it will necessarily disrupt the trial schedule, the defendant must show good cause for his tardy request, and, in our opinion, none has been shown here. Indeed, no other reason than the hope of securing additional time suggests itself to us. Defendant, whether formally permitted to appear as co–counsel or not, was in a position to aid his attorney. We note there is no allegation that the defendant was not competently represented by appointed counsel and there is no claim that he was in any other way prejudiced by the denial of the motion. Certainly there is no suggestion that there was any tactical disagreement between the attorney and his client concerning the proper way to present the case.

Because defendant in this case elected to be represented by counsel, and because there was no assertion that his attorney had inadequate time to prepare for trial, or that he did not competently try the case, defendant cannot successfully claim that his constitutional right of self–representation was violated to his prejudice by the court's denial of a continuance for defendant to prepare for trial.

Issue No. 3. On the day of defendant's trial, a jury was empaneled and sworn. The court then excused a juror who complained that she felt very nervous and close to fainting. The court called another juror, who indicated during voir dire that he was a cousin of the prosecuting attorney. After questioning the juror, defendant passed him for cause.

The court asked the jury to stand up for reswearing when defendant requested "an additional peremptory challenge, because of the sudden illness of that juror." Defendant had already used up six peremptory challenges, and his motion was denied.

■ Defendant asserts that the denial of his request for an additional peremptory challenge violated his right to

trial by an impartial jury, although defendant himself passed the juror for cause. The law presumes that each juror sworn in a case is impartial and above legal exception, otherwise, he would have been challenged for cause. *State v. Persinger,* 62 Wn.2d 362, 382 P.2d 497 (1963). Both the sixth amendment to the United States Constitution and the tenth amendment to the Washington Constitution provide that one accused of a crime is entitled to trial by an impartial jury, but there is no constitutional right to peremptory challenges. *State v. Persinger, supra; State v. Nelson,* 18 Wn. App. 161, 566 P.2d 984 (1977); *State v. Wilson,* 16 Wn. App. 348, 555 P.2d 1375 (1976).

The number of challenges to be afforded defendants is a procedural matter properly controlled by court rule. *Cf. State v. Tharp,* 42 Wn.2d 494, 256 P.2d 482 (1953). CrR 6.4(e)(1) provides for peremptory challenges by the defense and the State, "in prosecution for offenses punishable by imprisonment in a penitentiary six jurors each . . ."

Although defendant had exhausted his six peremptory challenges before the nervous juror was replaced, he contends, without citing authority, that it was discretionary with the trial court to grant him an additional challenge. We find no support for this argument. CrR 6.4(e)(1) provides for additional peremptory challenges *to the prosecution* in the discretion of the trial judge and only when several defendants are on trial together.

Even if defendant had attempted a challenge for cause, which he failed to do, a juror in a criminal case is not incompetent by reason of relationship to the prosecuting attorney. *State v. Peterson,* 190 Wash. 668, 70 P.2d 306 (1937); *see also* RCW 4.44.180. In the present case, as in *Peterson,* the prosecutor to whom the juror was related did not participate in the trial. Further, the juror in this case was the prosecutor's cousin, an even more attenuated relationship than that in *Peterson,* in which the juror at issue was a deputy prosecutor's mother.

The trial court properly denied defendant's motions for

continuance and his request for an additional peremptory challenge.

The judgment is affirmed.

PEARSON, C.J., and PETRIE, J., concur.

Reconsideration denied November 28, 1978.

Review denied by Supreme Court February 16, 1979.