

FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE AUG 0 2 2018
Tull hurst, CJ.
CHIEF JUSTICE

This opinion was filed for record

at 8 am on Aug 2, 2018

Susan L. Carl

SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) | No. 94582-9 |
| | ) | |
| GARY DANIEL MEREDITH, | ) | En Banc |
| | ) | |
| Respondent. | ) | |
| | ) | Filed  AUG 0 2 2018 |

OWENS, J. — At Gary Meredith's trial, the court erroneously gave the State and defense counsel one less peremptory challenge than they were entitled to under CrR 6.4(e)(1) and CrR 6.5. In a timely personal restraint petition, Meredith claimed his appellate counsel was ineffective for failing to raise the peremptory challenge violation on direct review. In an unpublished opinion, the Court of Appeals agreed with Meredith, reversing his convictions and remanding for a new trial. However, under RAP 2.5(a), the appellate court could have refused to hear the claim of error because it was not objected to at trial and it is not a type of structural error that requires automatic reversal. Thus, we hold that Meredith's appellate counsel was not ineffective for failing to raise that claim of error. We reverse the Court of Appeals on

this issue and remand for the Court of Appeals to address Meredith's remaining claims.

## PROCEDURAL AND FACTUAL HISTORY

Gary Meredith was convicted of second degree rape of a child and communication with a minor for immoral purposes in 1996. The trial court seated 14 jurors, including two alternates who would be chosen at random at the end of the trial. The trial court gave the State and defense counsel seven peremptory challenges each. This was an error. With two alternates, the court should have added two peremptory challenges to the initial six that are granted for any noncapital felony case and granted a total of eight to each party. CrR 6.4(e)(1); CrR 6.5. Neither party objected to this number. Each party exercised all seven peremptory challenges. There was a brief colloquy on whether the alternate jurors should be designated at the start or end of trial:

> THE COURT: The two alternates, the Court's usual procedure is we seat 14 and then at the end of the State's rebuttal, prior to them commencing deliberations, we draw randomly from the entire 14 in the panel. Unless you all wanted to indicate some other proposal.
>
> MR. SCHACHT [the State]: My strong preference is to know who the alternates are. I would prefer not to draw them from random.
>
> MR. PURTZER [defense counsel]: Your Honor, my preference is to draw because I think that if you do it at that point in time everybody pays attention. You don't have to worry about alternates not being involved in the case at some point in time. I think that the jurors' attention is much more focused when no one knows exactly who is going to be the alternate.

2

THE COURT: All right. The Court's usual procedure is to randomly draw at the close of the State's rebuttal. Most often we are usually left with 12 anyway.

1 Verbatim Report of Proceedings (VRP) at 9-10. Prior to trial, the court also ruled on motions relating to admitting evidence of Meredith's prior sex offense convictions. The court admitted Meredith's prior convictions as proof of an element of count II, communicating with a minor for immoral purposes. The trial court issued the following jury instruction limiting consideration of the prior conviction evidence: "I would like to advise the jury that evidence that Mr. Meredith has previously been convicted of a crime is not evidence of his guilt. Such evidence may be considered by you in deciding Count II and for no other purpose." 6 VRP at 512-13.

After his conviction, Meredith absconded for 12 years and was sentenced in November 2008 to 198 months in prison. *State v. Meredith*, 178 Wn.2d 180, 183, 306 P.3d 942 (2013). On direct appeal, Meredith's counsel raised four main issues: (1) exclusion of a juror was the result of a *Batson* violation, *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986), (2) insufficient evidence supported his conviction for communication with a minor for immoral purposes, (3) the trial court improperly prohibited him from arguing about the absence of DNA (deoxyribonucleic acid) evidence during closing argument, and (4) violation of rights to confrontation and cross-examination. *See State v. Meredith*, 165 Wn. App. 704, 707, ___ WL ___ (2011). The Court of Appeals confirmed the conviction, but this court accepted

3

review of the *Batson* violation claim. *Id., review granted*, 173 Wn.2d 1031, 275 P.3d 303 (2012). This court affirmed the conviction, and the United States Supreme Court denied Meredith's petition for a writ of certiorari on February 24, 2014. *Meredith*, 178 Wn.2d 180, *cert. denied*, 571 U.S. 1220 (2014).

Meredith filed this timely personal restraint petition on August 8, 2014, and filed a revised personal restraint petition on January 29, 2015. The Court of Appeals allowed the filing and considered the supplemental petition on the merits. The court appointed counsel, who raised five claims on Meredith's behalf: (1) incorrect denial of the correct number of peremptory challenges, (2) ineffective assistance of trial and appellate counsel, (3) incorrect denial of Meredith's motion to sever the two counts, (4) insufficient jury instruction limiting consideration of ER 404(b) evidence, and (5) evidentiary hearing is required to present testimony regarding duration of motile spermatozoa and lack of physical findings.

The Court of Appeals granted relief based on the ineffective assistance of appellate counsel claim. *In re Pers. Restraint of Meredith*, No. 46671-6-II, slip op. at 1 (Wash. Ct. App. Feb. 14, 2017) (unpublished), http://www.courts.wa.gov/opinions/. Relying on our decision in *Vreen* to hold that "[a]ny impairment of a party's right to exercise a peremptory challenge . . . constitutes reversible error without a showing of prejudice," the court concluded that if Meredith's "appellate counsel had raised this issue on direct appeal, we would have reversed and remanded Meredith's case for a

4

new trial" and, therefore, "Meredith was prejudiced by appellate counsel's ineffective assistance." *Id.* at 7-8 (citing *State v. Vreen*, 143 Wn.2d 923, 931-32, 26 P.3d 236 (2001)). Because the court ordered a new trial, it also addressed the admissibility of prior sex offense convictions and the court's limiting instruction on those convictions. It held that the trial court erred by giving the limiting instruction because "[w]hile the instruction correctly limited the consideration of the prior conviction evidence to count II, it did not further instruct the jury it could only use the fact of conviction to decide an element of the count II." *Id.* at 13.

The State petitioned for review, arguing the Court of Appeals improperly considered Meredith's supplemental filings, there was no ineffective assistance of appellate counsel, and the limiting instruction was sufficient. We granted review. *State v. Meredith*, 189 Wn.2d 1023, 408 P.3d 1093 (2017).

## ISSUES

I.      Was it proper for the Court of Appeals to consider Meredith's supplemental filings under RAP 16.8?

II.     Was Meredith's appellate counsel ineffective for failing to raise the peremptory challenge violation on direct appeal?

III.    Was the trial court's limiting instruction on prior conviction evidence sufficient?

ANALYSIS

To obtain relief through a personal restraint petition, Meredith must show either (1) a constitutional error that resulted in actual and substantial prejudice or (2) a nonconstitutional error that "'constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 671-72, 101 P.3d 1 (2004) (quoting *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 813, 792 P.2d 506 (1990)). "[T]o prevail on a PRP [(personal restraint petition)] alleging constitutional error, [the petitioner] must show by a preponderance of the evidence that the error has caused him actual prejudice." *In re Pers. Restraint of Lord*, 152 Wn.2d 182, 188, 94 P.3d 952 (2004) (citing *Cook*, 114 Wn.2d at 813-14). When reviewing a Court of Appeals decision on a personal restraint petition, "we review pure questions of law de novo and the question of deference to the Court of Appeals does not arise." *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 133, 267 P.3d 324 (2011).

I.    *The Court Properly Considered Meredith's Supplemental Filings*

As an initial matter, we address whether the Court of Appeals properly considered Meredith's supplemental filings. The State asserts that Meredith's claim of ineffective assistance of appellate counsel in his January 2015 petition was not sufficiently supported by legal authority. The State argues that later filings addressing the issue in detail were improperly considered because under RAP 16.8(e), Meredith

6

needed the Court of Appeals' authorization to add grounds for relief after the one-year deadline. *See* RAP 16.8(e); RCW 10.73.090(1). This is incorrect.

Under our Rules of Appellate Procedure, "a petitioner can amend an initial PRP and raise new grounds for relief, without requesting a formal amendment, as long as the brief is timely filed and the new issue is adequately raised." *In re Pers. Restraint of Rhem*, 188 Wn.2d 321, 327, 394 P.3d 367 (2017). Meredith's first supplemental brief, filed in January 2015, was filed prior to his one-year deadline of February 28, 2015, and adequately raised the issue of ineffective assistance of appellate counsel. The Court of Appeals properly considered Meredith's supplemental filings.

II. *Meredith's Appellate Counsel Was Not Ineffective for Failing To Raise the Peremptory Challenge Issue on Direct Appeal*

The State argues that Meredith's appellate counsel's failure to raise the peremptory challenge issue on direct appeal was reasonable in light of the requisite standard of review under RAP 2.5. Because this unpreserved, nonconstitutional error is not a structural error, it ordinarily could not be raised for the first time on appeal under RAP 2.5(a)(3). While the Court of Appeals did not apply the framework of RAP 2.5, it found that the trial court's impairment of Meredith's right to eight peremptory challenges constituted a structural error, a "reversible error without a showing of prejudice." *Meredith*, slip op. at 7. The Court of Appeals improperly relied on three Washington cases to hold that it was a structural error and, consequently, incorrectly held that Meredith's appellate counsel was ineffective.

7

A petitioner claiming ineffective assistance of appellate counsel on collateral review must show that "the legal issue that appellate counsel failed to raise had merit" and that "he or she was actually prejudiced by appellate counsel's failure to raise the issue." *In re Pers. Restraint of Dalluge*, 152 Wn.2d 772, 777-78, 100 P.3d 279 (2004). Prejudice requires the petitioner "show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." *Id.* at 788 (emphasis omitted). First, Meredith is correct that the trial court erroneously deprived him of his eighth peremptory challenge under our criminal rules. *See* CrR 6.4(e)(1); CrR 6.5. Second, to determine whether the peremptory challenge claim would have been successful, we must first look to RAP 2.5, which limits appellate court review of errors not objected to at trial. RAP 2.5(a) provides that

> [t]he appellate court may refuse to review any *claim of error which was not raised in the trial court*. However a party may raise the following claimed errors for the first time in the appellate court: (1) lack of trial court jurisdiction, (2) failure to establish facts upon which relief can be granted, and (3) *manifest error affecting a constitutional right.*

(Emphasis added.) "The general rule that an assignment of error be preserved includes an exception when the claimed error is a 'manifest error affecting a constitutional right.'" *State v. O'Hara*, 167 Wn.2d 91, 98, 217 P.3d 756 (2009) (quoting RAP 2.5 cmt. a). "This exception encompasses developing case law while ensuring only certain constitutional questions can be raised for the first time on

review." *Id.* (citing RAP 2.5 cmt. a at 86 Wn.2d 1152 (1976)). Thus, we must determine whether the court's failure to give the correct number of peremptory challenges qualifies under the manifest constitutional error exception.

The traditional test for this exception requires the petitioner to "demonstrate (1) the error is manifest and (2) the error is truly of constitutional dimension." *Id.* As both parties recognize, there is "no constitutional right to peremptory challenges." *State v. Kender*, 21 Wn. App. 622, 626, 587 P.2d 551 (1978); *see also Rivera v. Illinois*, 556 U.S. 148, 157, 129 S. Ct. 1446, 173 L. Ed. 2d 320 (2009) ("this Court has consistently held that there is no freestanding constitutional right to peremptory challenges"). Meredith argues that despite not being a constitutional issue, depriving a party of a peremptory challenge meets the manifest error exception because it is a structural error, a type of error that requires reversal without a showing of prejudice.

An error is structural when it "'necessarily render[s] a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence.'" *Washington v. Recuenco*, 548 U.S. 212, 218-19, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006) (alteration in original) (quoting *Neder v. United States*, 527 U.S. 1, 9, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999)). Examples of structural error include improper courtroom closure, complete lack of counsel, and racial discrimination in grand jury selection. *State v. Wise*, 176 Wn.2d 1, 15, 288 P.3d 1113 (2012); *Vasquez v. Hillery*, 474 U.S. 254, 263-64, 106 S. Ct. 617, 88 L. Ed. 2d 598 (1986); *Gideon v. Wainwright*,

9

372 U.S. 335, 342-44, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963). We have also held there was structural error in cases of double jeopardy clause violations, *In re Pers. Restraint of Orange*, 152 Wn.2d 795, 820-22, 100 P.3d 291 (2004), failure to require the State to prove its case beyond a reasonable doubt, *In re Pers. Restraint of Gunter*, 102 Wn.2d 769, 774, 689 P.2d 1074 (1984), and conflict of interest resulting in deprivation of counsel, *In re Pers. Restraint of Richardson*, 100 Wn.2d 669, 679, 675 P.2d 209 (1983).

Turning to the facts of this case, this court has never addressed whether failing to give a party the correct number of peremptory challenges is a structural error. Only a handful of cases from the Court of Appeals and this court address whether other types of peremptory challenge errors are structural. Meredith and the Court of Appeals rely on *Vreen*, *Bird*, and *Evans* for the proposition that "[a]ny impairment of a party's right to exercise a peremptory challenge . . . constitutes reversible error without a showing of prejudice." *Meredith*, slip op. at 7-8 (citing *Vreen*, 143 Wn.2d at 931-32; *State v. Bird*, 136 Wn. App. 127, 133-34, 148 P.3d 1058 (2006); *State v. Evans*, 100 Wn. App. 757, 774, 998 P.2d 373 (2000)). Reliance on these cases is misplaced.

Our holding in *Vreen* was more limited than the Court of Appeals recognized. In *Vreen*, the trial court wrongly denied Vreen's peremptory challenge when it found that his nondiscriminatory reason for the challenge was inadequate. *Vreen*, 143

10

Wn.2d at 925-27. We held that "erroneous denial of a litigant's peremptory challenge cannot be harmless when the objectionable juror actually deliberates." *Id.* at 932. That holding does not extend to the facts in this case. Here, the trial court did not erroneously deny a peremptory challenge and then allow that objectionable juror to determine Meredith's guilt. Rather, the court gave a lesser number of peremptory challenges than each party was entitled to and neither party raised any objection. Further, in *Vreen*, the error was preserved for appeal and also was constitutional because it involved a *Batson* challenge. *Id.* at 925-27. Here, the trial court's error has no constitutional component like the court's decision in *Vreen*, and it was not objected to at any point in the trial court.

Similarly, *Evans* dealt with peremptory challenge errors that were preserved for appeal and involved a *Batson* challenge. 100 Wn. App. at 758-63. The trial courts in the two consolidated cases erred by requiring a statement of race-neutral reasons for exercising a peremptory challenge despite there being no prima facie case of purposeful discrimination. *Id.* at 768-73. Again, this error is a far cry from the error in Meredith's case. Wrongly denying an attempted use of a peremptory challenge where the objectionable juror then sits on the jury that convicts the defendant is a more significant error than allowing one less peremptory challenge than the court rules provide.

*Bird* is also distinguishable from the facts here. In *Bird*, the trial court erroneously counted Bird's acceptance of the jury panel as one of his seven peremptory challenges. 136 Wn. App. at 133. This resulted in Bird not being able to use a peremptory challenge on juror 32. *Id.* at 131. The Court of Appeals found that because "the objectionable juror sat on the jury that convicted Bird. . . . the trial court's error mandates reversal . . . without a showing of prejudice." *Id.* at 134. Similar to *Vreen*, the trial court's error in *Bird* was wrongly depriving the defendant of a peremptory challenge that the court had originally given him and then denying defense counsel's objections to this deprivation. *Id.* Meredith was not wrongly deprived of a peremptory challenge that the trial court had initially allowed him, and his counsel never objected to the court's handling of peremptory challenges.

While these cases are factually distinguishable from Meredith's case, it is also important to recognize that *Vreen*, *Bird*, and *Evans* adopted reasoning from a Ninth Circuit decision, *Annigoni*, that has since been overruled by the United States Supreme Court in *Rivera*, 556 U.S. at 160. *United States v. Annigoni*, 96 F.3d 1132, 1144 (9th Cir. 1996) (en banc). As *Rivera* recognized, it is up to individual states "to decide whether such errors [wrongly denying peremptory challenges] deprive a tribunal of its lawful authority and thus require automatic reversal." *Rivera*, 556 U.S. at 161-62. Even if we decided to still adopt the reasoning in *Annigoni*, it addressed only circumstances in which a court erroneously denies the use of a peremptory

12

challenge, resulting in that objectionable juror sitting on the jury that convicts the defendant. *Annigoni*, 96 F.3d at 1145 ("It would be difficult if not impossible for a reviewing court to determine the degree of harm resulting from erroneously allowing a juror to sit despite an attempted peremptory challenge."). Thus, the reasoning in *Annigoni*, regardless of its current merit, does not apply to this case.

In conclusion, the court's giving the parties seven peremptory challenges instead of eight was an error, but it does not rise to the standard of a structural error. It did not render Meredith's trial fundamentally unfair or an unreliable vehicle for determining his guilt or innocence. *See Recuenco*, 548 U.S. at 218-19. Meredith attempts to show that the error rendered his trial fundamentally unfair by stating that had he been given another peremptory challenge, he would have used it on juror 11, 14, or 16. However, this conjecture, without any record of objections to these jurors or other evidence to show bias, is insufficient to show that Meredith's trial was fundamentally unfair or an unreliable vehicle for determining his guilt or innocence. Thus, the manifest error exception is not met, and on direct appeal the Court of Appeals could have refused to hear the peremptory challenge issue under RAP 2.5.

Under the strictures of RAP 2.5, it was reasonable for appellate counsel to refrain from including this error in the direct appeal. As we have explained, "[f]ailure to raise all possible nonfrivolous issues on appeal is not ineffective assistance." *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 314, 868 P.2d 835 (1994). "The 'process of

13

winnowing out weaker arguments . . . and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.'" *Id.* at 302 (alteration in original) (internal quotation marks omitted) (quoting *Smith v. Murray*, 477 U.S. 527, 536, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986)). Meredith has not shown a reasonable probability that but for his counsel's failure to raise the peremptory challenge error on direct appeal, he would have prevailed on that appeal. *See Dalluge*, 152 Wn.2d at 788.

We hold that Meredith's counsel did not provide ineffective assistance by failing to raise the peremptory challenge error on direct appeal, and thus we reverse the Court of Appeals' holding on this issue.

III.    *We Need Not Address the Sufficiency of the Limiting Instruction*

The Court of Appeals held that the trial court erred by giving the limiting instruction on Meredith's prior sex offense convictions because "[w]hile the instruction correctly limited the consideration of the prior conviction evidence to count II, it did not further instruct the jury it could only use the fact of conviction to decide an element of the count II." *Meredith*, slip op. at 13. The State initially challenged this holding in its petition for review but later argued in its supplemental brief that the holding was not a basis for granting Meredith relief and thus this court does not need to review it. Meredith argues the holding was another ground for

granting the petition for relief, in addition to the ineffective assistance of counsel claim, and it should be affirmed.

We decline to address this issue as it was not a basis for the Court of Appeals granting the personal restraint petition and is insufficiently briefed. The court explained it was addressing the issues of admitting the prior sex offense convictions and the sufficiency of the limiting instruction "because they may arise on retrial." *Meredith*, slip op. at 9. Even if this court wished to address this issue, it is insufficiently briefed. The State and Meredith dedicated nearly one page per brief on the issue, and neither party cited any legal authority to support their respective arguments. Such a lack of analysis and legal authority on this issue renders review improper. *See State v. Gossage*, 165 Wn.2d 1, 8-9, 195 P.3d 525 (2008).

## CONCLUSION

We hold that a trial court allowing an incorrect number of peremptory challenges is not a structural error requiring automatic reversal without a showing of prejudice. Based on this holding, we reverse the Court of Appeals' holding that Meredith received ineffective assistance of appellate counsel and remand for the Court of Appeals to consider Meredith's remaining claims that have not yet been addressed.

15

*In re Pers. Restraint of Meredith*
No. 94582-9

Owens, J.

WE CONCUR:

Fairhurst, C.J.

Johnson, J.

Wiggins, J.

Gonzalez, J.

Madsen, J.

Gordon McCloud, J.

Stephens, J.

16

No. 94582-9

YU, J. (concurring) — I concur with the majority and only write to emphasize that jury selection is a critical part of trial and ought not to be treated as merely a prelude to the main event. While the court correctly does not find manifest constitutional error in *this* case under these facts, prudence dictates that trial courts should make every effort to ensure that litigants have a meaningful opportunity to select an unbiased jury. Our rules of procedure provide specific direction on the number and manner of exercising peremptory challenges, which should not be readily disregarded.

I respectfully concur.

*In re Pers. Restraint of Meredith*, No. 94582-9
Yu, J. (concurring)

_____

2