# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint of<br><br>DUPREA ROMON WILSON,<br><br>                    Petitioner. | No.  53476-2-II<br><br><br><br><br>UNPUBLISHED OPINION |

MELNICK, P.J.  —  Duprea Wilson seeks relief from personal restraint imposed as a result of his 2016 convictions for one count of manslaughter in the first degree, two counts of assault in the first degree, two counts of robbery in the first degree, two counts of kidnapping in the first degree, one count of burglary in the first degree, and three counts of assault in the second degree.[1] The trial court had issued an order in limine prohibiting references to gangs or gang activity.  One of the State's witnesses, Officer David Prince, in describing his assignments with the Federal Way Police Department, referred to his being a "gang officer" in the "gang unit."  6 Verbatim Report of Proceedings (VRP) at 594 (No. 48796-9-II).  Wilson objected to the testimony.  The deputy prosecutor responded that he was not aware that Officer Prince was in the gang unit.  Wilson's

---

[1] We issued the mandate of Wilson's direct appeal on June 25, 2018, making his June 17, 2019 petition timely filed.  RCW 10.73.090(3)(b).

trial counsel stated that he was "tempted to ask for a mistrial," but did not do so. *Id.* at 595. He also contemplated asking for a jury instruction to disregard the testimony, but ultimately decided not to do so because the instruction would highlight the testimony. The State later presented testimony from Officer Prince that his contact with Wilson had nothing to do with his assignment to the gang unit. Wilson's appellate counsel did not assign error to trial counsel's failure to move for a mistrial or request a jury instruction.

First, Wilson argues that his trial counsel provided ineffective assistance of counsel by not moving for a mistrial. To establish ineffective assistance of counsel, he must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that as a result of that deficient performance, the result of his case probably would have been different. *State v. McFarland*, 127 Wn.2d 322, 335-36, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). This court presumes strongly that trial counsel's performance was reasonable. *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011). And performance is not deficient if it was a legitimate trial strategy. *State v. Kyllo*, 166 Wn.2d 856, 863, 215 P.3d 177 (2009). Wilson's trial counsel's decision not to move for a mistrial was such a strategic decision, in that, given the fleeting reference to gangs, it was unlikely that the trial court would have declared a mistrial. Thus, Wilson does not demonstrate that his trial counsel provided ineffective assistance.

Second, Wilson argues that his appellate counsel provided ineffective assistance of counsel by not assigning error to trial counsel's failure to move for a mistrial. But given the above analysis,

his appellate counsel did not perform deficiently and so did not provide ineffective assistance. *In re Pers. Restraint of Meredith*, 191 Wn.2d 300, 308, 422 P.3d 458 (2018).

Third, Wilson argues that the prosecutor engaged in misconduct by eliciting the "gang officer" and "gang unit" references from Officer Prince. 6 VRP at 594. But to establish prosecutorial misconduct, Wilson must show that the prosecutor did not act in good faith regarding the order in limine regarding gang testimony and that there is a substantial likelihood that the misconduct affected the jury's verdict. *In re Pers. Restraint of Pirtle*, 136 Wn.2d 467, 481-82, 965 P.2d 593 (1998). Wilson shows neither. The prosecutor did not intentionally elicit the testimony from Officer Prince and there is no substantial likelihood that the testimony affected the jury's verdict.

Fourth, Wilson argues that the trial court erred in not declaring a mistrial sua sponte. But he does not show that the references to Officer Prince's participation in the gang unit so prejudiced Wilson that a mistrial was necessary. *State v. Emery*, 174 Wn.2d 741, 765, 278 P.3d 653 (2012).

Finally, Wilson argues that his robbery and kidnapping convictions should merge because the kidnappings were done in furtherance of the robberies. But kidnapping never merges into robbery. *State v. Berg*, 181 Wn.2d 857, 866, 337 P.3d 310 (2014). Wilson's reliance on *State v. Korum*, 120 Wn. App. 686, 702-04, 86 P.3d 166 (2004), *aff'd in part, rev'd in part*, 157 Wn.2d 614, 141 P.3d 13 (2006), is misplaced because it addresses prosecutorial vindictiveness and overcharging.

No. 53476-2-II

Wilson does not present grounds for relief from restraint. We therefore deny his petition and deny his request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_Melnick, J._
MELNICK, P.J.

We concur:

_Glasgow, J._
GLASGOW, J.

_Cruser, J._
CRUSER, J.

4