# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 53360-0-II |
| ANDREW KENNEDY, | PUBLISHED OPINION |
| Petitioner. | |

SUTTON, A.C.J. — In September 2007, Andrew Kennedy was convicted after a bench trial of homicide by abuse of his cousin's one-year-old daughter. Kennedy committed the offense when he was 19 years old. On April 10, 2019, Kennedy filed this personal restraint petition (PRP), requesting resentencing to allow him to present newly discovered evidence related to the neurodevelopment of late adolescents. Kennedy argues that this PRP is not untimely because it is based on the newly discovered evidence exception to the time bar.[1] RCW 10.73.090(1); RCW 10.73.100(1). We hold that the evidence related to the neurodevelopment of late adolescents is not newly discovered evidence, and thus, we dismiss Kennedy's PRP as untimely.

---

[1] Cowlitz County, as the respondent, seeks clarification as to whether it is the proper respondent in this case, given that the Washington State Attorney General represented the State in Kennedy's trial due to a conflict of interest. The County represents in its brief that it has acted as the respondent numerous times in cases with Kennedy since Kennedy's trial, and the attorney who created the conflict no longer works for the County. Because Kennedy does not raise any issue with Cowlitz County being the respondent, and because the attorney who created the conflict is no longer in the County's office, we see no conflict of interest.

FACTS

In 2004, Kennedy assumed custody of his cousin's 10-month-old daughter, Kieryn Severson. Two months later, Kennedy killed Kieryn by intentionally swinging her head into a stationary object with violent force. Kennedy was 19 years old at the time of Kieryn's death.

Following a bench trial, the trial court found Kennedy guilty of homicide by abuse. On September 6, 2007, the court sentenced Kennedy to an exceptional sentence upward of 380 months. We affirmed Kennedy's conviction and sentence, and the mandate was issued on August 31, 2009.

On April 6, 2018, Kennedy filed a CrR 7.8 motion for relief from judgment and to set a show cause hearing in the superior court based on Division One's opinion in *In re Personal Restraint of Light-Roth*, 200 Wn. App. 149, 401 P.3d 459 (2017),[2] *rev'd*, 191 Wn.2d 328, 422 P.3d 444 (2018). In his CrR 7.8 motion, Kennedy cited to studies and articles from 2004, 2009, and 2010 regarding the neurodevelopment of late adolescents.

At the time he filed his CrR 7.8 motion, our Supreme Court had accepted review of *Light-Roth*. 189 Wn.2d 1030 (2017). Our Supreme Court ultimately reversed Division One and held that *O'Dell* was not a material change in the law. *Light-Roth*, 191 Wn.2d at 337-38. As a result, the trial court never addressed Kennedy's CrR 7.8 motion.

On April 10, 2019, almost 10 years after his direct appeal mandated, Kennedy filed this PRP alleging "newly discovered evidence" regarding neurodevelopment of late adolescents. In

---

[2] In that case, Division One held that *State v. O'Dell*, 183 Wn.2d 680, 358 P.3d 359 (2015), constituted a significant change in the law, and thus, the petitioner was entitled to a new sentencing proceeding. *Light-Roth*, 200 Wn. App. at 160, 166.

this PRP, Kennedy argues this new scientific evidence was unavailable to him at the time of his sentencing, and thus, his PRP is not time barred and he should be allowed to present this new evidence at a resentencing hearing.

In support of his PRP, Kennedy attaches an August 29, 2018, declaration from Dr. Laurence Steinberg, a developmental psychologist specializing in adolescence. Kennedy also attaches his declaration regarding Kieryn's death and his own behavioral issues as a late adolescent.

In Dr. Steinberg's declaration, he addresses "whether individuals between 18 and 21 also share the attributes of adolescents under 18 that trigger the constitutional protections the Supreme Court has already recognized for mid-adolescents." PRP, Decl. of Laurence Steinberg (Steinberg Decl.) at 3. Dr. Steinberg states that over the last 20 years, there has been considerable scientific development establishing that "adolescents are more impulsive, prone to engage in risky and reckless behavior, motivated more by reward than punishment, and less oriented to the future and more to the present" than adults. PRP, Steinberg Decl. at 3. He further states that "[i]n the past ten years, additional scientific evidence has accrued" suggesting that these same characteristics are also characteristic of late adolescents, a category that includes 19-year olds. PRP, Steinberg Decl. at 3.

Dr. Steinberg also provides a history of the neuroscience regarding brain maturation for late adolescents up to at least 21 years of age. His declaration states,

> Further study of brain maturation conducted during the past decade has revealed that several aspects of brain development affecting judgment and decision-making are not only ongoing during early and middle adolescence but continue at least until age 21. As more research confirming this conclusion has accumulated, the notion that brain maturation continues into late adolescence became widely accepted

among neuroscientists by 2015. This contemporary view of brain development as ongoing at least until age 21 stands in marked contrast to the view held by scientists as recently as 15 years ago. We now know that, in many respects**, individuals in their late teens and early 20s are more neurobiologically similar to younger teenagers than had previously been thought.**

PRP, Steinberg Decl. at 5-6 (footnote omitted).

Dr. Steinberg opines that "the main underlying cause of psychological immaturity during adolescence and the early 20s is the different timetables along which two important brain systems change during this period, sometimes referred to as a 'maturational imbalance.'" PRP, Steinberg Decl. at 11. Dr. Steinberg states,

[A]lthough the development of the prefrontal cortex is largely complete by the end of middle adolescence, the maturation of connections between this region and regions that govern self-regulation and the brain's emotional centers, facilitated by the continued myelination of these connections, continues into late adolescence and may not be complete until the mid-20s. As a consequence, late adolescents often have difficulty controlling their impulses, especially in emotionally arousing situations.

PRP, Steinberg Decl. at 12 (footnote omitted).

Dr. Steinberg reached the following conclusions:

Many of the same immaturities that characterize the brains of individuals younger than 18, and that have been found to mitigate their criminal culpability, are characteristic of the brains of individuals between 18 and 21.

Criminal acts committed by adolescents, even those past the age of majority, are best understood in light of their neurobiological and psychological immaturity. For this reason, it is inappropriate to assign the same degree of culpability to criminal acts committed at this age to that which would be assigned to the behavior of a fully mature and responsible adult.

PRP, Steinberg Decl. at 13 (boldface omitted).

4

ANALYSIS

### I. PRP PRINCIPLES

We have three options when reviewing a PRP: "'(1) dismiss the petition, (2) transfer the petition to the superior court for a full determination on the merits or a reference hearing, or (3) grant the petition.'" *In re Pers. Restraint of Ali*, 196 Wn.2d 220, 242, 474 P.3d 507 (2020), *pet. for cert. filed*, No. 20-280 (U.S. Dec. 16, 2020) (quoting *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 17, 296 P.3d 872 (2013)). We may grant a PRP if "[m]aterial facts exist which have not been previously presented and heard, which in the interest of justice require vacation of the . . . sentence." RAP 16.4(c)(3). To obtain relief, a petitioner must show either "(1) a constitutional error that resulted in actual and substantial prejudice or (2) a nonconstitutional error that 'constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" *In re Pers. Restraint of Meredith*, 191 Wn.2d 300, 306, 422 P.3d 458 (2018) (internal quotation marks omitted) (quoting *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 671-72, 101 P.3d 1 (2004)).

### II. TIMELINESS

Kennedy filed this PRP on April 10, 2019, almost 10 years after his judgment and sentence became final on August 31, 2009. Therefore, his petition is subject to the one-year time bar unless it is facially invalid or based solely on a statutory exception to the time bar. RCW 10.73.090(1), (3)(b); RCW 10.73.100. Kennedy relies on the statutory exception for newly discovered evidence under RCW 10.73.100(1).

To be entitled to relief based on "newly discovered evidence," a petitioner must establish that the evidence "(1) will probably change the result of the [sentencing], (2) was discovered since

the [sentencing], (3) could not have been discovered before [sentencing] by the exercise of due diligence, (4) is material, and (5) is not merely cumulative or impeaching." *In re Pers. Restraint of Fero*, 190 Wn.2d, 1, 15, 409 P.3d 214 (2018) (plurality decision). The third requirement is determinative here because the evidence upon which Kennedy relies was available at the time of his sentencing.

Kennedy argues that the neurodevelopment of late adolescents was not widely accepted until 2015, and thus, this "newly discovered evidence" was not available at the time of his sentencing in September 2007.[3]

Contrary to Kennedy's argument, research on the neurodevelopment of late adolescents existed at the time of Kennedy's sentencing in 2007. Dr. Steinberg's August 2018 declaration acknowledges that such research existed in 2003. Specifically, Dr. Steinberg states that "[t]his contemporary view of brain development as ongoing at least until age 21 stands in marked contrast to the view held by scientists as recently as 15 years ago." PRP, Steinberg Decl. at 6. In addition, we note that Kennedy's pending CrR 7.8 motion filed in 2018 cites research that was available at the time of his sentencing in 2007.

Further, courts began to recognize the difference in late adolescents as early as the late 1990s. In *State v. Ha'mim*, our Supreme Court rejected the defendant's argument that "age alone may be used as a factor to impose an exceptional sentence outside of the standard range for the crime." 132 Wn.2d 834, 846, 940 P.2d 633 (1997), *abrogated by O'Dell*, 183 Wn.2d at 680, 358

---

[3] Kennedy phrases the issue in terms of when the research would have been admissible under *Frye v. United States*, 293 F. 1013, 34 A.L.R. 145 (D.C. Cir. 1923). However, that is not the issue we are deciding and the rules of evidence do not apply at sentencing, so the *Frye* standard is irrelevant. ER 1101(c)(3).

P.3d 359 (2015). The *Ha'mim* court cited to RCW 9.94A.390 to show that age could be a mitigating factor "that the defendant's capacity to appreciate the wrongfulness of his or her conduct or to conform his or her conduct to the requirements of the law was significantly impaired." *Ha'mim*, 132 Wn.2d at 846. However, no such finding was made in *Ha'mim*'s case, and the Supreme Court found no evidence that age was a mitigating factor in that case. *Ha'mim*, 132 Wn.2d at 846. Subsequently in *O'Dell*, our Supreme Court clarified that *Ha'mim* did not "absolutely bar[]" a sentencing court from considering age as a mitigating factor. *O'Dell*, 183 Wn.2d at 698. There, the Supreme Court cited to numerous studies addressing neurodevelopment in late adolescents from as early as 2004. *See O'Dell*, 183 Wn.2d at 692 n.5.[4]

The discussion above demonstrates that the research regarding neurodevelopment of late adolescents was available in 2007 when Kennedy was sentenced, although it has evolved over time. Thus, at his sentencing hearing, Kennedy could have cited this research to argue that his youthfulness was a mitigating factor.

We hold that because the evidence regarding the neurodevelopment of late adolescents is not newly discovered evidence under RCW 10.73.100(1), Kennedy's PRP is subject to the one-year time bar and is untimely.

---

[4] *See, e.g.*, Jay N. Giedd, *Structural Magnetic Resonance Imaging of the Adolescent Brain*, 1021 ANN. N.Y. ACAD. SCI. 77 (June 2004) ("The dorsal lateral prefrontal cortex, important for controlling impulses, is among the latest brain regions to mature without reaching adult dimensions until the early 20s.").

No. 53360-0-II

CONCLUSION

We dismiss Kennedy's PRP as time-barred.

                                                           SUTTON, A.C.J.

We concur:

WORSWICK, J.

MAXA, J.

8